Filed 6/18/14  P. v. Carrasco CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUAN MANUEL CARRASCO,<br><br>    Defendant and Appellant. | G047903<br><br>(Super. Ct. No. 10NF2522)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, M. Marc Kelly, Judge.  Affirmed in part, reversed in part, and remanded for resentencing.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted Juan Manuel Carrasco of one count (count 2) of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b))[1] and one count (count 3) of active participation in a criminal street gang (§ 186.22, subd. (a)) (section 186.22(a)).[2] As to count 2, the jury found true these three sentence enhancement allegations:

1.  Carrasco personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)) (the firearm enhancement);

2.  Carrasco committed the offense for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)) (the gang enhancement); and

3.  Carrasco personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)) (the great bodily injury enhancement).

The trial court stayed execution of the sentence on count 3 pursuant to section 654.  The court sentenced Carrasco to a term of 32 years in prison, calculated as follows:  a base term of nine years on count 2; a consecutive term of 10 years on the firearm enhancement; a consecutive term of 10 years on the gang enhancement; and a consecutive term of 3 three years on the great bodily injury enhancement.

We conclude the evidence was insufficient to support the conviction for active participation in a criminal street gang because the evidence did not show Carrasco, a gang member, committed the felony of assault with a semiautomatic firearm with the assistance of other gang members, as required by *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*) for a conviction under section 186.22(a).  The Attorney General agrees with Carrasco that under section 1170.1, subdivisions (f) and (g), the trial court could not impose additional punishments on all three sentence enhancement allegations.  We

---

[1]  Further code references are to the Penal Code.

[2]  The trial court declared a mistrial on count 1 (attempted murder) because the jury was unable to reach a verdict on that count, and it was dismissed on the prosecution's motion.

therefore reverse the conviction on count 3, reverse the sentences on the enhancement allegations, and remand for resentencing.

**FACTS**

We view the evidence in the light most favorable to the verdict and resolve all conflicts in its favor. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206; *People v. Barnes* (1986) 42 Cal.3d 284, 303.)

On August 12, 2010 about 1:00 p.m., Nicholas E. was standing in the front courtyard area of an apartment complex in the City of Anaheim. He was a member of Anaheim Jungle City, a street gang in Anaheim. As of that time, Carrasco was an active participant in Anaheim Travelers City, another street gang in Anaheim. Anaheim Travelers City and Anaheim Jungle City did not "get along." The apartment complex was within the claimed territory of Anaheim Travelers City.

While Nicholas E. was standing in the apartment courtyard, a white Honda Civic drove past. Inside the Honda were three men. They "threw up gang signs" for Eastside, a street gang that was a rival of Anaheim Jungle City, and someone in the Honda called out, "hey, what's up, Nicky." Nicholas E. responded by saying, "what's up." Nicholas E. told someone standing with him that he did not know anyone in the Honda.

After passing Nicholas E., the Honda parked "half a football field away" from him. Nicholas E. went inside the apartment complex to speak with his father and, when he returned to the courtyard, the Honda was parked in the same spot. Carrasco got out of the Honda and walked over to an unidentified man who was standing across the street from Nicholas E. The man standing across the street had been "dogging" (looking at) Nicholas E., who did not recognize or know anything about the unidentified man. Carrasco and the unidentified man had a brief conversation. During the conversation, the

3

unidentified man looked directly, and pointed his finger, at Nicholas E., who looked the other way because he "didn't want to start nothing."

Carrasco crossed the street, walked toward Nicholas E., and "hit [him] up," that is, asked him where he was from. Nicholas E. responded, "Jungle City." Carrasco said: "[F]uck Jungle City. This is Travelers." Nicholas E. challenged Carrasco to a one-on-one fight.

Carrasco replied, "fuck that" and pulled a .32-caliber semiautomatic handgun from his waistband. As Nicholas E. ran away, Carrasco squatted and, assuming a two-handed shooting stance, shot him in the buttocks.

Nicholas E. fell to the ground. Carrasco ran up to him, pointed the gun at his head, and moved the top slide of the gun back and forth to reload. A man called Joel Gonzalez yelled, "[t]hat's disrespect. You shot him once already in front of his dad." Carrasco ran away.

Nicholas E. suffered a bullet wound that caused a fracture to his pelvic bone and damage to his small intestine, colon, and the area behind the intestines. His injuries would have been potentially life threatening if left untreated. At the time of trial, Nicholas E. continued to experience pain from the gunshot wound.

## DISCUSSION

### I.

### The Evidence Was Insufficient to Support
### the Conviction on Count 3.

Carrasco argues the conviction on count 3 (active participation in a criminal street gang) must be reversed because there was insufficient evidence that he either aided and abetted other gang members in committing a felony or that he directly committed a felony with other gang members. Carrasco does not deny he was an active member, but argues he acted without the assistance of other gang members.

4

Section 186.22(a) imposes punishment on "[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang." In *Rodriguez*, *supra*, 55 Cal.4th at page 1132, the California Supreme Court held a sole perpetrator cannot be convicted of violating section 186.22(a). The court concluded the plain meaning of section 186.22(a) "requires that felonious criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member." (*Rodriguez*, *supra*, at p. 1132.) The court explained that "section 186.22(a) reflects the Legislature's carefully structured endeavor to punish active [gang] participants for commission of criminal acts done *collectively* with gang members." (*Id.* at p. 1139.)

Following *Rodriguez*, a defendant may be convicted under section 186.22(a) for (1) "aiding and abetting other gang members in committing a felony" or (2) "directly committing a felony with other gang members." (*Rodriguez*, *supra*, 55 Cal.4th at p. 1136.)

There is no question that Carrasco was a gang member and directly committed the felony of assault with a semiautomatic firearm; however, the evidence is insufficient to establish he did so with other gang members. From the evidence, the jury could not reasonably draw the inference that the unidentified man with whom Carrasco spoke before shooting Nicholas E. was a member of Anaheim Travelers City gang. No evidence was presented about the man—the jury was not given so much as his name. The unidentified man had not been in the white Honda, and Nicholas E. did not recognize him.

The Attorney General argues the jury could have reasonably inferred the unidentified man was a member of the Travelers City gang because "the crime took place in Travelers gang territory, the man initiated the nonverbal hit up by mad dogging

5

Nicholas, he talked to Carrasco—a Travelers gang member—and pointed Nicholas out to Carrasco, and Carrasco continued the hit up verbally and shot Nicholas when he confirmed Nicholas was a member of another gang." Such circumstances do not constitute "evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Albillar* (2010) 51 Cal.4th 47, 60.) As Carrasco argues, someone does not become a gang member merely by being present in the gang's claimed territory, engaging in aggressive behavior, or talking to a gang member. Indeed, at trial, the prosecutor conceded, "there's not enough information" for the jury to find the unidentified man was associated with the Travelers City gang.[3]

## II.

### The Trial Court Erred by Imposing Additional Punishment on All Three Enhancements.

The trial court imposed punishment totaling 23 years in prison on the three enhancement allegations, in addition to the principal term of nine years on count 2. Carrasco argues the court erred by imposing punishment on all three enhancement allegations. The Attorney General agrees and states the matter should be remanded for resentencing. The parties disagree, however, on which enhancement allegations are subject to additional punishment.

To review, the three enhancement allegations found true by the jury were:

1. The firearm enhancement (§ 12022.5, subd. (a)).

2. The gang enhancement (§ 186.22, subd. (b)(1)).

3. The great bodily injury enhancement (§ 12022.7, subd. (a)).

The trial court imposed a 10-year sentence on the firearm enhancement. Because the gang enhancement was predicated on a violent felony, the trial court imposed a

---

[3] The trial was conducted before *Rodriguez* was handed down. Carrasco concedes the jury was correctly instructed on the requirements of section 186.22(a).

consecutive 10-year sentence under section 186.22, subdivision (b)(1)(C) (section 186.22(b)(1)(C)). The trial court also imposed a consecutive three-year sentence on the great bodily injury enhancement.

Section 1170.1, subdivision (f) pertains to sentence enhancements for firearm use. It states: "When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense. This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury." (§ 1170.1, subd. (f).)

In *People v. Rodriguez* (2009) 47 Cal.4th 501, 504, the defendant was convicted of three counts of assault with a firearm (§ 245, subd. (a)(2)). The jury also found true two enhancement allegations as to each count: that the defendant personally used a firearm (§ 12022.5, subd. (a)) and that the assault was a violent felony committed for the benefit of a criminal street gang (§ 186.22(b)(1)(C)). (*People v. Rodriguez*, *supra*, at p. 504.) The California Supreme Court held the trial court erred by imposing additional punishments for both of the enhancement allegations. (*Id.* at pp. 508-509.) The court explained: "There is no question that the additional punishments imposed under section 12022.5's subdivision (a) for 'personally us[ing] a firearm in the commission of a felony,' fall squarely within the limiting language of section 1170.1's subdivision (f). This is why: The additional punishments . . . imposed under section 12022.5's subdivision (a) for defendant's personal use of a firearm in each of the three assaults were, in the words of section 1170.1's subdivision (f), punishments 'for . . . using . . . a firearm in the commission of a single offense.' The additional punishments . . . under section 186.22's subdivision (b)(1)(C), the criminal street gang provision, were likewise based on defendant's firearm use. Because two different sentence enhancements

7

were imposed for defendant's firearm use in each crime, section 1170.1's subdivision (f) requires that 'only the greatest of those enhancements' be imposed." (*Ibid.*)

*People v. Rodriguez* is on point except in one respect: In this case, the jury also made a true finding on the great bodily injury enhancement, while in *People v. Rodriguez*, a great bodily injury enhancement was not alleged. The significance of this distinction lies in the definition of the term "violent felony" in section 186.22(b)(1)(C). Under section 186.22(b)(1)(C), "[i]f the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years." Under section 667.5, subdivision (c)(8), "'violent felony'" includes "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice" or "any felony in which the defendant uses a firearm which use has been charged and proved."

Here, the jury found both that Carrasco personally inflicted great bodily injury and that he personally used a firearm. When imposing the additional 10-year punishment under section 186.22(b)(1)(C), the trial court did not state whether it used personal infliction of great bodily injury, use of a firearm, or both, as the violent felony on which the additional punishment was predicated. If use of a firearm were the predicate violent felony, then *People v. Rodriguez*, *supra*, 47 Cal.4th 501, would control, and additional punishments could not be imposed for both the firearm enhancement and the gang enhancement.

If infliction of great bodily injury were the predicate violent felony for the additional punishment under section 186.22(b)(1)(C), then additional punishment could be imposed for both the firearm enhancement and the gang enhancement without punishing Carrasco twice for using a firearm. But, in that case, section 1170.1, subdivision (g) would apply. It states: "When two or more enhancements may be imposed for the infliction of great bodily injury on the same victim in the commission of a single offense, only the greatest of those enhancements shall be imposed for that

8

offense. This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for being armed with or using a dangerous or deadly weapon or a firearm." (§ 1170.1, subd. (g).)

When infliction of great bodily injury subjects the defendant to a three-year enhancement under section 12022.7, subdivision (a), and is the predicate violent felony for the additional punishment under section 186.22(b)(1)(C), a *People v. Rodriguez* situation arises. In *People v. Gonzalez* (2009) 178 Cal.App.4th 1325, 1331-1332, the court explained: "Similar to subdivision (f) of section 1170.1, subdivision (g) of the same section prohibits the imposition of more than one enhancement 'for the infliction of great bodily injury on the same victim in the commission of a single offense . . . .' Here, appellant's infliction of great bodily injury on a single victim subjected him to a three-year enhancement under section 12022.7, subdivision (a). The same infliction of great bodily injury on the same victim also turned appellant's underlying assault offense into a 'violent felony' under section 667.5, which subjected him to a 10-year enhancement under section 186.22, subdivision (b)(1)(C). In other words, the trial court imposed *two* enhancements for appellant's infliction of great bodily injury on the same victim in the commission of a single offense. Under the reasoning articulated in [*People v.*] *Rodriguez*, we conclude the trial court should have imposed only the greatest of those enhancements as required by section 1170.1, subdivision (g). [Citation.]"

Thus, under *People v. Gonzalez*, if infliction of great bodily injury were the predicate violent felony for the additional punishment under section 186.22(b)(1)(C), then the additional 10-year sentence for the gang enhancement could be imposed consecutively to the additional 10-year sentence for the firearm enhancement, but additional punishment could not be imposed for the great bodily injury enhancement.

In conclusion, the trial court in this case erred by imposing additional punishment on all three enhancements. Which additional punishments may be imposed depends on whether the violent felony serving as the predicate for the additional

9

punishment under section 186.22(b)(1)(C) is firearm use or infliction of great bodily injury. We leave such sentencing decisions to the trial court on remand.

## DISPOSITION

The judgment as to count 3 is reversed. The sentences on the three sentence enhancement allegations are reversed and the matter is remanded to the trial court for resentencing consistent with section 1170.1, subdivisions (f) and (g). In all other respects, the judgment is affirmed.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.

10