Filed 6/15/15

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S202921 |
| v. | ) | |
| | ) | Ct.App. 4/1 D057392 |
| ERIC HUNG LE et al., | ) | |
| | ) | San Diego County |
| Defendants and Appellants. | ) | Super. Ct. No. SCD212126 |
| _____ | ) | |

In *People v. Rodriguez* (2009) 47 Cal.4th 501 (*Rodriguez*), we held that a defendant's single act of personally using a gun during the commission of a felony could not be used to support both a sentence enhancement for personal use of a firearm under Penal Code section 12022.5, former subdivision (a)(1),[1] and to elevate the punishment for a criminal street gang allegation to a "violent felony" under section 186.22, subdivision (b)(1)(C). We explained that the application of both enhancements in that case depended on the defendant's use of a firearm, and that subdivision (f) of section 1170.1 prohibits imposing two sentence enhancements when both enhancements are " 'for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense.' " (*Rodriguez*, *supra*, at p. 508, quoting § 1170.1, subd. (f), italics omitted.)

---

**1**     All further statutory references are to the Penal Code.

We granted review in this case to decide whether section 1170.1, subdivision (f) also precludes a trial court from imposing both a firearm enhancement under section 12022.5, former subdivision (a)(1), and a gang enhancement under section 186.22, subdivision (b)(1)(B), in connection with a single offense, when the offense is a "serious felony" under section 186.22, subdivision (b)(1)(B) and involved the use of a firearm. In the present case, because both enhancements again depend on defendant's firearm use, we conclude that section 1170.1, subdivision (f) bars the imposition of both enhancements.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 2002, defendants Eric Hung Le and Down George Yang of the Tiny Oriental Crips street gang committed a drive-by shooting outside a San Diego pool hall, believing that they were aiming at rival Asian Crips gang members. Instead, two bullets wounded members of a completely different gang, and a third bullet killed the owner of the pool hall, Don Su.

Following a jury trial, defendants were convicted of murder (§ 187, subd. (a), count 1); attempted willful, deliberate and premeditated murder (§§ 664, 187, subd. (a), count 2); discharging a firearm from a motor vehicle (former § 12034, subd. (d), count 3); and assault with a semiautomatic firearm (§ 245, subd. (b), counts 4 & 5). The jury also found true that the crimes in counts 1 through 5 were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); that as to counts 1, 2 and 3, Le and Yang were principals in the offenses and that during their commission, at least one principal used a firearm (§ 12022.53, subds. (d) & (e)(1)); and finally, as to counts 3 and 4, that Yang personally used a firearm (§ 12022.5, former subd. (a)(1)). The verdict reflects that the jury accepted the prosecution's theory that Le was the driver and Yang was the shooter. Le was sentenced to a term of 96 years to life and Yang to a term of 101 years to life.

2

At issue in this case is the trial court's sentencing of defendant Yang on count 4, assault with a semiautomatic firearm under section 245, subdivision (b). As to this count, the jury found true that defendant Yang committed the assault while personally using a firearm under former section 12022.5, subdivision (a)(1).[2] This sentence enhancement imposes an additional consecutive prison term of three, four, or 10 years.[3] Also as to count 4, the jury found true that defendant Yang committed the assault for the benefit of a street gang under section 186.22, subdivision (b)(1), but the charging document did not specify whether it should be enhanced as a "serious felony" (§ 186.22, subd. (b)(1)(B)), which imposes an additional five-year prison term, or as a "violent felony" (§ 186.22, subd. (b)(1)(C)), which imposes an additional 10-year term.

At the sentencing hearing, the parties contested the applicability of *Rodriguez* to count 4. In *Rodriguez*, the defendant fired shots at rival gang members, and a jury later found him guilty of assault with a firearm (§ 245, subd. (a)(2)) and made findings under two different sentencing enhancement statutes: (1) that defendant personally used a firearm (§ 12022.5, subd. (a)); and (2) that he committed a "violent felony" to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)). In rejecting the argument that the section 186.22

---

**2** The 2002 version of section 12022.5 applicable in this case did not differ from the current version in any significant respect. (See Stats. 1999, ch. 129, § 5, pp. 1803-1804, amending § 12022.5.) Accordingly, subsequent citations in this opinion will not distinguish between the two versions of the statute.

**3** Generally, a defendant is exempt from a section 12022.5 enhancement if the "use of a firearm is an element of" the charged offense. (§ 12022.5, subd. (a).) But section 12022.5 contains an exception if a defendant commits a section 245 violation using a firearm. (§ 12022.5, subd. (d).) Therefore, despite the fact that defendant Yang's section 245, subdivision (b) violation included the element of the use of a semiautomatic firearm, his crime is not exempt from enhancement under section 12022.5.

3

enhancement applied not only to the defendant's use of a firearm but also to the allegation of committing a felony to benefit a street gang, we explained that the defendant became eligible for the 10-year gang enhancement for a violent felony "*only* because he 'use[d] a firearm which use [was] charged and proved as provided in . . . Section 12022.5.' " (*Rodriguez, supra*, 47 Cal.4th at p. 509, quoting § 667.5, subd. (c)(8).) In other words, the only factor that qualified the defendant's assault as a violent felony under section 667.5 was his use of a firearm — and that, in turn, made him eligible for the 10-year gang enhancement under section 186.22, subdivision (b)(1)(C) for violent felonies. Because both the section 12022.5 personal use enhancement and the section 186.22 gang enhancement for a violent felony depended on the defendant's use of a firearm, the sentence violated the prohibition contained in section 1170.1, subdivision (f) against enhancing a sentence twice for firearm use. (*Rodriguez, supra*, at p. 509.)

In the present case, the prosecutor sought to impose the upper term on defendant Yang for count 4; that is, the maximum term of nine years for the assault with a firearm, along with the maximum term of 10 years for the firearm use enhancement under section 12022.5, subdivision (a)(1). But the prosecutor recognized that, if the section 186.22 enhancement were treated as a violent felony under section 186.22, subdivision (b)(1)(C), *Rodriguez* and section 1170.1, subdivision (f) would apply to bar an additional 10-year enhancement. Accordingly, the prosecutor asked the trial court to treat the section 186.22 enhancement simply as a "gang allegation" that is "not for being armed" and to impose a five-year enhancement under subdivision (b)(1)(B) of that statute. In essence, the prosecutor argued that because the complaint did not specifically allege that the section 186.22 enhancement was a violent felony under subdivision (b)(1)(C) of that statute, it did not constitute an "enhanced gang allegation" based on the use of a firearm. The trial court disagreed. The court believed that, under

4

*Rodriguez*, it could not impose terms for both enhancements because the jury's findings made defendant's assault a violent felony under section 667.5, thereby making the applicable enhancement the same 10-year term under 186.22, subdivision (b)(1)(C) that was at issue in *Rodriguez.* Accordingly, the court imposed the 10-year term for that enhancement, but stayed any sentence enhancement under section 12022.5, subdivision (a). It noted, however, that if the court could have applied that enhancement it would have chosen the upper term of 10 years, based on the nature of the offense.

Defendants appealed their convictions and the People appealed the trial court's decision to stay the enhancement on count 4. The People argued that the trial court should have imposed a five-year enhancement for a serious felony under section 186.22, subdivision (b)(1)(B) because it had been "generically" pleaded in the complaint without reference to whether it was a serious or violent felony or to the firearm use allegation.

The Court of Appeal affirmed defendants' convictions, and it also affirmed the trial court's stay of the section 12022.5 enhancement. The Court of Appeal applied the holding of *Rodriguez*, concluding that the generic pleading of the gang enhancement allegation in the present case was a "distinction without a difference," and it held that the record supported the finding that the personal gun use and gang enhancements were both based on firearm use involving the single offense of assault with a semiautomatic weapon.

We granted the People's petition for review.

## II. DISCUSSION

### A. Overview of the Applicable Statutes

The statutes at issue here are (1) section 245, subdivision (b), assault with a semiautomatic firearm — the base felony crime for defendant Yang's conviction

5

on count 4; (2) section 12022.5, subdivision (a)(1) — the personal use of a firearm enhancement for count 4; (3) section 186.22, subdivision (b), the enhancement for committing count 4 for the benefit of a criminal street gang, which provides different levels of enhancement depending on whether count 4 is a violent felony, a serious felony, or other felony; (4) section 667.5, which lists what felonies qualify as violent felonies; (5) section 1192.7, which lists what felonies qualify as serious felonies; and (6) section 1170.1, subdivision (f), which prohibits imposing sentences on multiple enhancements of a single offense involving the use of a firearm or dangerous or deadly weapon.

Section 186.22, the gang enhancement statute, is particularly important to the question presented here. As explained, it provides different levels of enhancement for the base felony if that felony is "committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." (§ 186.22, subd. (b)(1).) If the base felony qualifies as a violent felony under the list of felony crimes contained in section 667.5, then "the person shall be punished by an additional term of 10 years." (§ 186.22, subd. (b)(1)(C).) If the base felony qualifies as a serious felony under the list of felony crimes contained in section 1192.7, then "the person shall be punished by an additional term of five years." (§ 186.22, subd. (b)(1)(B).) If the base felony qualifies neither as serious or violent, then "the person shall be punished by an additional term of two, three, or four years at the court's discretion." (§ 186.22, subd. (b)(1)(A).) Section 186.22, subdivision (b)(1)'s three sentence provisions, therefore, reflect the intention to impose progressively longer sentence enhancements based on the severity of the felony categorized across three tiers. It is also important to note that the sentence enhancements in section 186.22, subdivision (b)(1) are

6

mandatory — all three provisions specify that the additional punishment "shall" be imposed. (*People v. Vega* (2013) 214 Cal.App.4th 286, 295.)

Section 1192.7, which lists the felonies that qualify as serious felonies, refers to several crimes that involve the use of a firearm or a deadly weapon. (See § 1192.7, subd. (c)(8), (11), (13), (23), (26), (31)-(33).) Section 667.5, which lists the felonies that qualify as violent felonies, refers to only one crime that *necessarily* involves the use of a firearm or deadly weapon — "any felony in which the defendant uses a firearm which use has been charged and proved as provided in subdivision (a) of Section 12022.3, or Section 12022.5 or 12022.55." (§ 667.5, subd. (c)(8).)

Subdivision (f) of section 1170.1 prohibits multiple enhancements of punishment as to a single offense for being armed with or using a firearm or dangerous or deadly weapon. That section states, in part: "When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense." (§ 1170.1, subd. (f).) Thus, the sentencing limitation of section 1170.1, subdivision (f), can apply, not only for enhancements involving the personal *use* of a firearm in the commission of the offense, but also if the enhancement is imposed for simply "being armed" during the commission of the offense.

As in *Rodriguez*, we must decide whether section 1170.1, subdivision (f) prohibits the imposition of sentence on both enhancements in the present case — the personal use of a firearm enhancement under section 12022.5, subdivision (a)(1) and the gang enhancement under section 186.22, subdivision (b)(1). In *Rodriguez*, we concluded that the imposition of sentence on both enhancements violated section 1170.1 because the People had pleaded the gang enhancement under the violent felony provision, section 186.22,

7

subdivision (b)(1)(C). As described above, we examined the list of violent felonies contained in section 667.5 and determined that it was solely gun use that made the defendant's crime qualify as a violent felony under that section. Specifically, we referred to section 667.5, subdivision (c)(8), which makes the base crime a violent felony if the defendant " 'use[d] a firearm which use [was] charged and proved as provided in . . . Section 12022.5.' " (*Rodriguez*, *supra*, 47 Cal.4th at p. 509, quoting § 667.5, subd. (c) (8).) The defendant in *Rodriguez* became eligible for the 10-year violent felony enhancement under section 186.22, subdivision (b)(1)(C) solely because of his personal use of a firearm, and as sentenced his "firearm use was punished under two different sentence enhancement provisions, each pertaining to firearm use." (*Rodriguez*, *supra*, at p. 509.) This, we held, violated section 1170.1, subdivision (f)'s prohibition against imposing multiple firearm sentence enhancements for a single base crime.

In the present case, unlike in *Rodriguez*, the People did not specify whether their complaint sought to impose the section 186.22 gang enhancement as a violent felony, serious felony, or other felony. Instead, the People generically pleaded the gang enhancement under section 186.22, subdivision (b)(1), and the prosecutor argued at sentencing that the trial court should impose a five-year enhancement.[4] Because subdivision (b)(1)(B) is the only provision of section 186.22, subdivision (b)(1) that calls for the imposition of a five-year enhancement,

---

[4]     In fact, regarding all five counts, the People pleaded the section 186.22 gang enhancement under subdivision (b)(1) without specifying whether they sought enhancement as a serious, violent, or other felony.

we assume the People sought to categorize that enhancement as a serious felony for purposes of section 1192.7.**5**

### B. Whether Count 4 Qualifies as a Serious Felony Involving the Use of a Firearm

As the trial court concluded and defendant agrees, defendant's assault with a semiautomatic firearm *qualified* as a *violent felony* under section 667.5, subdivision (c). We need not decide whether, as defendant argues, the trial court lacked discretion to designate the gang enhancement as anything other than one for a violent felony under section 186.22, subdivision (b)(1)(C), because even if the trial court retained discretion to designate the crime as a *serious felony* for the purpose of section 186.22, subdivision (b)(1)(B), under the facts of this case, the crime would qualify as a serious felony solely because it involved firearm use.**6**

As previously explained, count 4 charged defendant Yang with violating section 245, subdivision (b), assault with a semiautomatic firearm. Section 1192.7 designates several assault-related crimes as serious felonies, but defendant's crime is not a serious felony by virtue of any of these provisions. Rather, as the dissent fails to recognize, defendant's crime qualifies as a serious felony solely because it

---

**5** The Court of Appeal did not consider whether such a "generic" pleading is permissible, or whether the prosecutor may wait until sentencing to specify under which provision of section 186.22, subdivision (b)(1) the People seek to enhance the sentence. We asked the parties to submit additional briefing on this issue, and the parties both contend that the prosecution met its pleading burden by generically pleading section 186.22, subdivision (b)(1). Specifically, the parties claim that such pleading is permissible because the state cannot know until the jury's verdict whether defendant will be convicted of other charged crimes, enhancements, or lesser offenses that may dictate which subparagraph of subdivision (b)(1) is applicable. Because the parties do not contest matters of notice and the sufficiency of the pleading, we express no opinion on these issues.

**6** Similarly, the parties have not raised, nor do we address or decide, whether subdivision (b)(1)(A) of section 186.22 might be applicable here.

9

involved a firearm.  The crime fell under subdivision (c)(8) of section 1192.7, which applies to "any felony in which the defendant personally uses a firearm" (*id*., subd. (c)(8)), or subdivision (c)(23), which applies to "any felony in which the defendant personally used a dangerous or deadly weapon" (§ 1192.7, subd. (c)(23)), or subdivision (c)(31), which applies to "assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm."  These three provisions constitute the sole bases under which the conduct described in count 4 would be a serious felony, and they all clearly implicate the use of a firearm.  No other provision of section 1192.7, subdivision (c), appears applicable to qualify count 4 as a serious felony.[7]

Therefore, as was the case in *Rodriguez*, *supra*, 47 Cal.4th 501, defendant Yang's section 186.22 gang enhancement for count 4, regardless of whether it qualified as a serious or violent felony under subdivision (b)(1)(B) or (b)(1)(C), is an enhancement "imposed for being armed with or using . . . a firearm." (§ 1170.1, subd. (f).)  Under section 1170.1, subdivision (f), the underlying felony, based on section 245, subdivision (b), could not be enhanced for use of a firearm both under section 12022.5, subdivision (a), and section 186.22, subdivision (b)(1).  Rather, section 1170.1 required that only the greater of the two enhancements — in this case, the enhancement under section 12022.5 — could be imposed.

---

[7]    Another provision of section 1192.7 designates shooting from a vehicle as a serious felony (*id*., subd. (c)(36)), but this felony, former section 12034, subdivision (d), was the subject of count 3, not count 4.  Count 3 charged its own sentence enhancements under sections 186.22 and 12022.53.  Furthermore, 1192.7, subdivision (c)(1) designates murder as a serious felony, but this felony was the subject of count 1.

## C. The People's Arguments

The People, along with the dissent, advance a number of arguments urging that section 1170.1, subdivision (f), does not apply here. We reject these contentions.

The People repeat the same argument they raised in *Rodriguez* — that the section 186.22 enhancement is not subject to the limiting language of section 1170.1, subdivision (f) because that enhancement is for committing a felony to benefit a street gang, not for a defendant's firearm use. But accepting such an argument would defeat the core principle of *Rodriguez*. We explained in *Rodriguez* that the relevant concern is whether the underlying felony's designation as serious or violent is "based on defendant's firearm use." (*Rodriguez*, *supra*, 47 Cal.4th at p. 508.)

Nor does it matter that the People refrained from specifically pleading that the section 186.22 gang enhancement involved the use of a gun. This circumstance does not eliminate the need to determine precisely why the People contend that count 4 qualifies as a serious felony. Determining whether the section 186.22 gang enhancement qualifies as a violent, serious, or other felony for count 4 requires reference to the statutory schemes defining such classifications based on the underlying conduct for which defendant was convicted under that count. As we have explained, in this matter defendant Yang's conviction on count 4 can be designated as a violent felony under section 667.5, subdivision (c)(8) only because of his use of a firearm, but that same conduct also constitutes a serious felony under section 1192.7, subdivision (c), likewise under provisions that are based on the use of a firearm. Indeed, on appeal, the People concede that count 4 qualifies as a serious felony because section 1192.7, subdivision (c)(31) makes assault with a semiautomatic firearm a serious felony. For purposes of section 1170.1, subdivision (f), this circumstance is no different

11

from that presented under *Rodriguez*. Although there are many other crimes designated as serious or violent felonies that do not necessarily involve the use of a firearm, just as was the case in *Rodriguez*, they are not implicated here.

The People further argue that neither the underlying felony in count 4 nor the section 186.22, subdivision (b)(1) gang enhancement required the *personal* use of a firearm, thereby rendering inapplicable the limiting language of section 1170.1, subdivision (f). But section 1170.1, subdivision (f) makes no such distinction. The sentence limitation applies "[w]hen two or more enhancements may be imposed *for being armed* with *or using* a dangerous or deadly weapon or a firearm in the commission of a single offense." (§ 1170.1, subd. (f), italics added.) Thus, section 1170.1, subdivision (f), is not limited to a defendant's personal use of a firearm but includes being armed with such a weapon during the commission of the base offense. In this matter, there is no question that defendant Yang was armed for purposes of count 4.

The People and the dissent reason that, once a defendant is convicted of a violation of section 245, subdivision (b), the simple fact of that conviction is sufficient to additionally punish the defendant under section 186.22, subdivision (b)(1)(B) for committing that particular crime to benefit a criminal street gang, and this additional punishment is unrelated to any involvement of a firearm in that crime. The People and the dissent argue that although section 1170.1, subdivision (f) can apply to a *weapon enhancement* that is used to qualify a defendant for a higher tier of the gang enhancement (*Rodriguez*, *supra*, 47 Cal.4th at p. 509), it cannot apply to the gang enhancement itself, and therefore it does not apply when a *substantive offense* is used to qualify a defendant for a higher tier of the gang enhancement. They argue, therefore, that because a conviction under section 245, subdivision (b) is not an "enhancement" for purposes of section 1170.1, subdivision (f), a gang enhancement based on that section 245, subdivision (b)

12

conviction (§ 186.22, subd. (b)(1)(B)) is also not an "enhancement" for purposes of section 1170.1, subdivision (f).

Section 186.22 itself repeatedly describes its additional punishment for serious or violent felonies as an "enhancement." (See § 186.22, subds. (c) ["If the court grants probation or suspends the execution of sentence imposed upon the defendant for a violation of subdivision (a), or in cases involving a true finding of the *enhancement enumerated in subdivision (b)*, the court shall require that the defendant serve a minimum of 180 days in a county jail as a condition thereof" (italics added)], 186.22, subd. (g) ["Notwithstanding any other law, the court may strike the additional punishment for *the enhancements provided in this section . . .*" (italics added)].) Consequently, it cannot be said that the serious felony offense of assault with a semiautomatic firearm under section 186.22, subdivision (b)(1)(B) can be distinguished as a substantive offense and not an "enhancement," as that term is used by both sections 186.22 and 1170.1, subdivision (f). (See *People v. Morris* (1988) 46 Cal.3d 1, 16 ["Firearm enhancements, like special circumstances, are not substantive crimes"].)

Furthermore, the use of a semiautomatic firearm is a necessary element of section 245, subdivision (b). (CALJIC No. 9.02.1 ["In order to prove this crime, each of the following elements must be proved: [¶] 1. A person was assaulted; and [¶] 2. The assault was committed with a . . . semiautomatic firearm"].) Without the element concerning the use of a semiautomatic firearm, the conduct would constitute a simple assault, a crime not listed as a serious felony under section 1192.7, subdivision (c) — a circumstance the dissent fails to address. The assault with a semiautomatic firearm here, therefore, is a serious felony *because* it involved a firearm. In other words, it cannot be doubted that being armed with a specific kind of gun is an element of assault with a semiautomatic firearm under section 245, subdivision (b). Without that element, the crime would not qualify

13

for the additional five-year enhancement under section 186.22, subdivision (b)(1)(B), part of the criminal gang statute.

Accordingly, it is the element concerning the use of a semiautomatic firearm that elevates the crime beyond a simple assault and causes it to be listed as a serious felony, which, in turn, qualifies the conduct for a five-year serious felony enhancement under the criminal gang statute. Similar to the circumstances in *Rodriguez*, it was solely the use of a semiautomatic weapon that made the defendant Yang's crime qualify as a serious felony, and he became eligible for the five-year serious felony enhancement under section 186.22, subdivision (b)(1)(B) solely because of the use of that semiautomatic weapon. Thus, defendant Yang was exposed to two different sentence enhancement provisions, each pertaining to firearm use, which implicates section 1170.1, subdivision (f)'s prohibition against imposing "two or more enhancements . . . for being armed with or using . . . a firearm."

Finally, the People assert that our dispositional language in *Rodriguez* indirectly supports their position. In *Rodriguez*, following our conclusion that the sentence imposed in that matter violated section 1170.1, subdivision (f), we further concluded that the Court of Appeal erred by ordering the trial court to strike the imposition of punishment under section 12022.5, subdivision (a) for the defendant's personal use of a firearm. Instead, we explained that the correct remedy was to reverse the trial court's judgment and remand the matter back for resentencing in order to "give the trial court an opportunity to restructure its sentencing choices in light of our conclusion that the sentence imposed here violated section 1170.1's subdivision (f)." (*Rodriguez*, *supra,* 47 Cal.4th at p. 509.) Because simply striking the sentence under section 12022.5 would have allowed for the greatest enhancement to be imposed by leaving intact the 10-year enhancement under section 186.22, subdivision (b)(1)(C), the People contend our

14

disposition suggests that we believed the trial court could have sentenced the defendant on a section 186.22 gang enhancement based on another part of subdivision (b)(1) not involving a violent felony.

But this argument ignores the fact that the trial court in *Rodriguez* had chosen the *middle term* of four years for the three underlying base felonies of assault with a firearm. It also imposed sentence on both the gang enhancement under section 186.22, subdivision (b)(1)(C) and the personal use of a firearm enhancement under section 12022.5, subdivision (a). Because we concluded that section 1170.1 precluded the imposition of sentence on both enhancements, this left the opportunity for the trial court to restructure its sentence by imposing the *upper* terms for the base felonies, if it was inclined to compensate for the loss of one of the enhancements. Our decision in *Rodriguez*, therefore, carried no implication regarding whether section 1170.1, subdivision (f) could apply to nonviolent felonies under section 186.22, subdivision (b)(1) or another part of that subdivision.

### III. CONCLUSION AND DISPOSITION

We conclude that a trial court is precluded from imposing both a firearm enhancement under section 12022.5, subdivision (a)(1) and a serious felony gang enhancement under section 186.22, subdivision (b)(1)(B) when the crime qualifies as a serious felony solely because it involved firearm use. Because both enhancements in the present case were based solely on defendant Yang's use of a

firearm in the commission of a single offense, section 1170.1, subdivision (f) requires that only the greater of the two enhancements may be imposed.  This conclusion is a logical extension of the holding in *Rodriguez*, *supra*, 47 Cal4th 501.

For the foregoing reasons, the Court of Appeal's judgment is affirmed.


**CANTIL-SAKAUYE, C. J.**

**WE CONCUR:**

**WERDEGAR, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

16

**DISSENTING OPINION BY CHIN, J.**

Among other crimes, defendant Down George Yang was convicted of assault with a semiautomatic firearm under Penal Code section 245, subdivision (b), a crime that Penal Code section 1192.7, subdivision (c)(31), defines as a " 'serious felony.' "[1]  The jury also found true that he committed that crime to benefit a criminal street gang under section 186.22, subdivision (b)(1), which *requires* the court to enhance the punishment for a serious felony by an additional five years.  The majority, however, relying on section 1170.1, subdivision (f), as interpreted in *People v. Rodriguez* (2009) 47 Cal.4th 501 (*Rodriguez*), overrides this clear legislative mandate and prohibits imposition of the enhanced penalty for committing a serious felony to benefit a criminal street gang.

I dissent.  This case is entirely different from *Rodriguez*, *supra*, 47 Cal.4th 501; the difference demands a different result.  In *Rodriguez*, imposing the gang enhancement for a *violent* felony would have caused a firearm use enhancement to be used twice, in violation of section 1170.1, subdivision (f).  Here, imposing the gang enhancement for a *serious* felony does not duplicate any firearm enhancement.  Accordingly, section 1170.1, subdivision (f), permits, rather than prohibits, imposition of the gang enhancement for a serious felony.

---

[1]      All future statutory citations are to the Penal Code.

1

The issue here should be straightforward.  Section 186.22, subdivision (b)(1), requires enhanced punishment if the jury finds the defendant committed a felony to benefit a criminal street gang.  The prescribed punishment is as follows:

"(A)  Except as provided in subparagraphs (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court's discretion.

"(B)  If the felony is a *serious felony, as defined in subdivision (c) of Section 1192.7*, the person shall be punished by an additional term of five years.

"(C)  If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years."  (Italics added.)

Subdivision (c)(31) of section 1192.7 defines "serious felony" as including "assault with a . . .  semiautomatic firearm . . . in violation of Section 245," which is precisely the underlying offense in this case.  Because section 1192.7, subdivision (c)(31), defines the underlying offense as a serious felony, section 186.22, subdivision (b)(1)(B), requires the trial court to impose an additional term of five years for that offense.  The statutory language could hardly be clearer.

To avoid this statutory mandate, the majority invokes section 1170.1, subdivision (f), as somehow prohibiting imposition of the gang enhancement for the underlying serious felony of assault with a semiautomatic firearm.  That subdivision provides in its entirety:  "When two or more *enhancements* may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense. *This subdivision shall not limit the imposition of any other enhancements applicable to that offense*, including an enhancement for the infliction of great bodily injury."  (Italics added.)  Clearly, this provision prohibits imposition of two or more *weapon enhancements*, but it also expressly

2

permits imposition of *other types* of enhancement in addition to a weapon enhancement.  The enhancement under section 186.22, subdivision (b)(1), is a *gang* enhancement, not a *weapon* enhancement.  Therefore, section 1170.1, subdivision (f), permits, rather than prohibits, imposition of the gang enhancement for a serious felony.

The majority finds somehow relevant the fact that the jury also found true an enhancement allegation that defendant personally used a firearm in committing the underlying offense of assault with a semiautomatic firearm.  But, as noted, section 1170.1, subdivision (f), *permits* imposition of other enhancements (such as a gang enhancement) in addition to imposition of a weapon enhancement.

This brings us to *Rodriguez*, *supra*, 47 Cal.4th 501.  In *Rodriguez*, the defendant was convicted of assault with a firearm under section 245, and the jury found true a personal firearm use enhancement under section 12022.5 and a gang enhancement under section 186.22, subdivision (b)(1).  But the issue in *Rodriguez* was whether the trial court could impose the *10-year* enhancement for a *violent* felony under section 186.22, subdivision (b)(1)(C).  The underlying felony qualified as a *violent* felony under section 667.5 only because it was a "felony in which the defendant uses a firearm which use has been charged and proved as provided in . . . Section 12022.5 . . . ."  (§ 667.5, subd. (c)(8).)

In *Rodriguez*, *supra*, 47 Cal.4th 510, there was only one weapon enhancement (the one under § 12022.5), but, if the gang enhancement for a *violent* felony were imposed, that same enhancement would be used *twice* — once to impose the firearm use enhancement itself, and again to make the underlying crime a violent felony.  The question before us was whether using the same weapon enhancement twice would violate the proscription in section 1170.1, subdivision (f), against multiple weapon enhancements.  In an opinion in which I joined, we answered the question in the affirmative; using the same weapon

3

enhancement twice would run afoul of section 1170.1, subdivision (f).  Our explanation for this conclusion distinguishes that case from this:

"[W]hen the crime is a 'violent felony, as defined in subdivision (c) of Section 667.5,' section 186.22's subdivision (b)(1)(C) calls for additional punishment of 10 years.  Here, defendant became eligible for this 10-year punishment *only* because he 'use[d] a firearm which use [was] charged and proved as provided in . . . Section 12022.5.'  (667.5, subd. (c)(8).)  Thus, defendant's firearm use resulted in additional punishment not only under section 12022.5's subdivision (a) (providing for additional punishment for personal use of a firearm) but also under section 186.22's subdivision (b)(1)(C), for committing a violent felony as defined in section 667.5, subdivision (c)(8) (by personal use of firearm) to benefit a criminal street gang.  Because the firearm use was punished under two different sentence enhancement provisions, each pertaining to firearm use, section 1170.1's subdivision (f) requires imposition of 'only the greatest of those enhancements' with respect to each offense."  (*Rodriguez*, *supra*, 47 Cal.4th at p. 509, original italics.)

Our italicizing the word "only" in this discussion from *Rodriguez* makes clear that our holding was predicated on the fact that the underlying felony was "violent" *only* due to the section 12022.5 enhancement for personal firearm use.  Here, in contrast to *Rodriguez*, defendant's felony conviction qualifies as a serious felony *not* because of any firearm use enhancement.  Instead, the *underlying crime* — assault with a semiautomatic firearm — itself qualifies as a serious felony because section 1192.7, subdivision (c)(31), makes assault with a semiautomatic firearm a serious felony.[2]  A substantive crime is not an

---

[2]     The majority states that "the People concede that count 4 [i.e., assault with a semiautomatic firearm] qualifies as a serious felony because section 1192.7,

*(footnote continued on next page)*

4

enhancement. (*People v. Morris* (1988) 46 Cal.3d 1, 16.) Accordingly, there simply is no dual use of a weapon enhancement.

Not only does the statutory language mandate imposition of the gang enhancement for a serious felony, it makes eminent sense for the Legislature to prescribe separate punishment for (1) the underlying crime of assault with a semiautomatic firearm, (2) for defendant's *personal* use of a firearm in the commission of that crime, *and* (3) for defendant's committing a serious felony to benefit a criminal street gang. Each punishes a different aspect of defendant's criminal behavior.

Normally, the firearm use enhancement may not be imposed if "use of a firearm is an element of that offense." (§ 12022.5, subd. (a).) But section 12022.5, subdivision (d), states that notwithstanding this limitation, "the additional term provided by this section shall be imposed for any violation of Section 245 if a firearm is used . . . ."

The majority seems bemused by the fact the Legislature permits a firearm use enhancement to attach to a conviction for assault with a firearm. It states that "despite the fact that defendant Yang's section 245, subdivision (b) violation included the element of the use of a semiautomatic firearm, his crime is not

---

*(footnote continued from previous page)*

subdivision (c)(31) makes assault with a semiautomatic forearm a serious felony." (Maj. opn., *ante*, at p. 11.) Rather than being a concession, however, stressing that the underlying felony is *itself* defined as serious and is not, as in *Rodriguez*, *supra*, 47 Cal.4th 501, dependent on a firearm use enhancement to qualify as violent, is the *centerpiece* of the People's argument — and of mine. Because the underlying substantive offense, itself defined as a serious felony, is not an enhancement, there is no dual use of a weapon enhancement.

It is an argument the majority never confronts, choosing instead to describe it as a concession and then ignore it.

exempt from enhancement under section 12022.5." (Maj. opn., *ante*, at p. 3, fn. 3.) But the explanation for the Legislature's action is simple. As we recently explained, the firearm use enhancement does not duplicate the underlying offense of assault with a firearm. "A defendant may be vicariously guilty of assault with a firearm even if that defendant did not personally use the firearm. [Citation.] But the firearm-use enhancement applies only to a defendant who 'personally uses' the firearm. [Citations.] Thus, the enhancement does not attach to everyone guilty of assault with a firearm but only to those who personally use the firearm." (*People v. Ahmed* (2011) 53 Cal.4th 156, 161-162, fn. 2.)

Thus, it is logical for the Legislature to punish a defendant's *personal* firearm use in addition to punishing the underlying crime of assault with a firearm, which does not require personal use. Similarly, it is logical for the Legislature to prescribe additional punishment when a defendant commits the same serious felony to benefit a criminal street gang. Section 186.22, subdivision (b)(1)(B), does exactly that and no more.

The majority misunderstands the difference between a substantive offense and an enhancement, and the difference between the elements of the underlying crime of assault with a firearm and the personal firearm use enhancement. It concludes the introductory portion of its opinion by stating that "because both enhancements . . . depend on defendant's firearm use, we conclude that section 1170.1, subdivision (f) bars the imposition of both enhancements." (Maj. opn., *ante*, at p. 2.) But the *gang* enhancement for a serious felony is based solely on defendant's conviction of assault with a semiautomatic firearm. That conviction does *not* depend on defendant's firearm use. (*People v. Ahmed*, *supra*, 53 Cal.4th at pp. 161-162, fn. 2.)

Similarly, the majority later states that "the crime would qualify as a serious felony solely because it involved firearm use," and that "as the dissent fails

6

to recognize, defendant's crime qualifies as a serious felony solely because it involved a firearm." (Maj. opn., *ante*, at pp. 9-10.) On the contrary, the underlying crime — assault with a semiautomatic firearm — qualifies as a serious felony because section 1192.7, subdivision (c)(31), specifically defines it as serious. Certainly, that underlying crime "involved" a firearm, but the underlying crime is not an enhancement. The only weapon enhancement that exists here does not involve merely a firearm or firearm use, but instead involves the defendant's personal use of a firearm.

The majority also states: "Similar to the circumstances in *Rodriguez*, it was solely the use of a semiautomatic weapon that made . . . defendant Yang's crime qualify as a serious felony, and he became eligible for the five-year serious felony enhancement under section 186.22, subdivision (b)(1)(B) solely because of the use of that semiautomatic weapon." (Maj. opn., *ante*, at p. 14.) But defendant's crime *inherently* qualifies as a serious felony under section 1192.7, subdivision (c)(31), and, *unlike Rodriguez*, that crime does not depend on any weapon enhancement.

Recognizing, as it must, that section 1170.1, subdivision (f)'s limitation applies only to "two or more *enhancements*" (italics added), the majority opinion states that "[s]ection 186.22 itself repeatedly describes its additional punishment for serious or violent felonies as an 'enhancement.' " (Maj. opn., *ante*, at p. 13.) The statement is obviously correct; the additional punishment under section 186.22, subdivision (b)(1), is an enhancement. But that enhancement is for committing the underlying crime to benefit a criminal street gang; it is a *gang* enhancement, not a *weapon* enhancement. Section 1170.1, subdivision (f), permits imposition of a gang enhancement in addition to a weapon enhancement.[3]

---

**3**     The majority seems concerned that the prosecution charged that defendant committed the underlying crime to benefit a criminal street gang but did not

*(footnote continued on next page)*

If, as it does, the majority prohibits imposition of the enhancement for a serious felony, then at least it should remand the matter for the trial court to impose the lower enhancement for ordinary felonies under section 186.22, subdivision (b)(1)(A).  Surely the Legislature intended *some* punishment for committing an assault with a firearm to benefit a criminal street gang.  Not permitting any additional punishment would judicially carve out an exception to the gang enhancement for assault with a firearm, which cannot be what the Legislature intended.  Such an interpretation would be especially perverse — assault with a firearm is among the most common of gang-related crimes.

In short, because the felony of assault with a semiautomatic firearm is inherently serious under section 1192.7, subdivision (c)(31), because defendant was convicted of that crime, and because there is neither a second weapon enhancement nor (as in *Rodriguez*, *supra*, 47 Cal.4th 501) dual use of one weapon

---

*(footnote continued from previous page)*

additionally allege which of the punishments the trial court should impose.  (Maj. opn., *ante*, at p. 9, fn. 5.)  I see no problem, and neither do the parties.  They correctly agree that the charging document may simply allege the gang enhancement under section 186.22, subdivision (b)(1), and leave it to the court to impose the correct punishment if the jury finds the allegation true.  Whether the defendant committed the underlying crime to benefit a criminal street gang is a factual question for the jury to decide.  But which of the three possible punishments to impose is a *legal* question for the court to decide.  In this case, for example, section 1192.7, subdivision (c)(31), makes the underlying conviction for assault with a semiautomatic firearm a serious felony as a matter of law, not fact.

Charging documents do not normally allege what punishment the court should impose if the jury finds the defendant guilty or finds an enhancement allegation true.  No reason appears to impose such a requirement here.

8

enhancement, the trial court was required to impose the enhancement for committing a serious felony to benefit a criminal street gang under section 186.22, subdivision (b)(1)(B).

Accordingly, I dissent.

**CHIN, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Le

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 205 Cal.App.4th 739
**Rehearing Granted**

_____

**Opinion No.** S202921
**Date Filed:** June 15, 2015

_____

**Court:** Superior
**County:** San Diego
**Judge:** Charles G. Rogers

_____

**Counsel:**

Sharon M. Jones and Arthur Martin, under appointments by the Supreme Court, for Defendant and Appellant Down George Yang.

Laura P. Gordon, under appointment by the Supreme Court, for Defendant and Appellant Erik Hung Le.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Lilia E. Garcia and Lynne G. McGinnis, Deputy Attorneys General; Bonnie M. Dumanis, District Attorney, Laura Tanney, James E. Atkins, Gary W. Schons, Craig E. Fisher and Frank Jackson, Deputy District Attorneys, for Plaintiff and Respondent.

1

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Arthur Martin
P.O. Box 5084
Klamath Falls, OR  97601
(541) 273-8738

Frank Jackson
Deputy District Attorney
330 W. Broadway, Suite 860
San Diego, CA  92101
(619) 531-4135