[No. S159497. Aug. 20, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN RODRIGUEZ, Defendant and Appellant.

502

COUNSEL

Matthew Alger, under appointment by the Supreme Court, and Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Scott A. Taryle, Kristofer Jorstad, Jason Tran and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KENNARD, J.**—A jury convicted defendant of three counts of assault with a firearm. (Pen. Code, § 245, subd. (a)(2).)[1] As to each count, the jury found to be true two sentence enhancement allegations: that defendant personally used a firearm (§ 12022.5, subd. (a)), and that the assault was a "violent felony" committed to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)). The trial court sentenced defendant to prison for a total of 22 years and eight months. That sentence included 18 years and eight months for the two sentence enhancements.

The Court of Appeal, in a two-to-one decision, struck the additional five years and four months resulting from defendant's personal firearm use, but it left in place the additional 13 years and four months imposed for committing violent felonies to benefit a street gang. The majority reasoned that application of *both* sentence enhancement provisions in this case violated section 654's prohibition against multiple punishment for a single criminal act—here, that single act was defendant's firearm use in each of the three assaults.

We agree with the Court of Appeal majority that the trial court erred in imposing additional punishment for defendant's firearm use under both section 12022.5's subdivision (a) and section 186.22's subdivision (b)(1)(C). But unlike the appellate court's decision, ours is not based on section 654. Instead, it rests on section 1170.1, subdivision (f), which prohibits the imposition of additional punishment under more than one enhancement provision for "using . . . a firearm in the commission of a single offense." That provision was violated here.

## I

Defendant Juan Rodriguez is a member of Varrio Nuevo Estrada (VNE), a criminal street gang in the Antelope Valley area of Los Angeles County. While riding in a car with two other VNE members, defendant fired five or six shots at three brothers (Miguel, Jose, and Oscar Rodriguez)[2] as they were playing soccer in front of their Lancaster home. No one was injured. The three victims were associated with a rival gang, the 18th Street Gang.

---

[1] Undesignated statutory references are to the Penal Code.

[2] It does not appear that the brothers are related to defendant.

When arrested, defendant admitted firing the shots in retaliation for the 18th Street Gang's assault on a VNE member known as "Sneaky." At trial, defendant denied any intent to harm the three victims, saying that he fired all of the shots "at the sky," far over the victims' heads.

As noted at the outset, a jury found defendant guilty of three counts of assault with a firearm (§ 245, subd. (a)(2)), and as to each count made findings under two different sentencing enhancement statutes: (1) that defendant personally used a firearm (§ 12022.5, subd. (a)); and (2) that he committed a "violent felony" to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)).

■    Section 12022.5's subdivision (a) provides that "any person who *personally uses a firearm* in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment . . . for 3, 4, or 10 years . . . ." (Italics added.) Exempt from that additional punishment are crimes that necessarily involve firearm use. (*Ibid.*) But that exemption does not apply to "any violation of Section 245 if a firearm is used . . . ." (§ 12022.5, subd. (d).) Here, because defendant's crimes of assault with a firearm (§ 245, subd. (a)(2)) necessarily involved firearm use, at first glance, that would exempt him from the additional punishment. But because his firearm use pertained to "violation[s] of Section 245," defendant falls within the exception to the exemption and thus *is* subject to additional punishment under section 12022.5, subdivision (a), for personally using a firearm in the three assaults.

■    The other sentence enhancement statute involved is section 186.22, subdivision (b)(1). It calls for additional punishment when a crime is committed to benefit a criminal street gang, with increasingly harsh levels of punishment: Subdivision (b)(1)(A) of section 186.22 provides for additional punishment of two, three, or four years' imprisonment for most felonies. Under subdivision (b)(1)(B), the additional punishment is increased to five years for "serious" felonies, which are defined in section 1192.7's subdivision (c). And under section 186.22, subdivision (b)(1)(C) (the provision at issue here), the additional punishment is increased to 10 years for "violent" felonies "as defined in subdivision (c) of Section 667.5." Here, each of the three counts of assault with a firearm (§ 245, subd. (a)(2)) qualified as a "violent" felony under section 667.5, subdivision (c), because in committing each of those offenses defendant "use[d] a firearm which use has been charged and proved" under section 12022.5. (§ 667.5, subd. (c)(8).)

The trial court sentenced defendant to a prison term of 22 years eight months, arrived at as follows:

For defendant's assault on Miguel, the court imposed a three-year term for the assault, enhanced by four years for defendant's personal use of a firearm, and further enhanced by 10 years for committing a violent felony to benefit a street gang, resulting in a sentence totaling 17 years. For the assault on Jose, the court imposed a one-year prison term (one-third of the midterm) for the assault, enhanced by one year and four months (one-third of the midterm) for defendant's personal use of a firearm, and further enhanced by three years and four months (one-third of the 10-year term) for committing a violent felony to benefit a street gang, resulting in a sentence totaling five years and eight months, to be served consecutively to the 17-year term imposed for the assault on Miguel. For the assault on Oscar, the trial court imposed a 17-year sentence, to be served concurrently with the aggregate sentences for the assaults on Miguel and Jose.

As mentioned earlier, the Court of Appeal majority, relying on section 654's prohibition against multiple punishment, struck the additional punishments for defendant's personal firearm use (a total of five years and four months), leaving in place the sentence enhancements for committing violent felonies to benefit a street gang (a total of 13 years and four months). The dissenting justice concluded that defendant had a different motive for personally using a firearm in the three assaults than for committing these crimes to benefit a street gang, and therefore it was proper to apply the two different sentence enhancement provisions, section 12022.5's subdivision (a) and section 186.22's subdivision (b)(1)(C).

We granted the Attorney General's petition for review.

## II

Section 654, on which the Court of Appeal majority here relied, provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).)

■ In *Neal v. State of California* (1960) 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], this court construed the statute broadly: " 'Section 654 has been applied not only where there was but one "act" in the ordinary sense . . . but also where a course of conduct violated more than one statute and the problem was whether it comprised a divisible transaction which could be punished under more than one statute within the meaning of section 654.' [Citation.] [¶] Whether *a course of criminal conduct* is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Id.* at p. 19, italics added.)

With respect to punishment imposed under statutes that define a *criminal offense*, it is well settled that "[s]ection 654 bars multiple punishments for separate offenses arising out of a single occurrence where all of the offenses were incident to one objective." (*People v. Lewis* (2008) 43 Cal.4th 415, 519 [75 Cal.Rptr.3d 588, 181 P.3d 947].) But this court has never held that section 654 applies to *sentence enhancements*. We have touched on that issue in three cases: *People v. Palacios* (2007) 41 Cal.4th 720 [62 Cal.Rptr.3d 145, 161 P.3d 519]; *People v. Oates* (2004) 32 Cal.4th 1048 [12 Cal.Rptr.3d 325, 88 P.3d 56]; and *People v. Coronado* (1995) 12 Cal.4th 145 [48 Cal.Rptr.2d 77, 906 P.2d 1232]. In *Coronado*, we observed that "there are at least two types of sentence enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense." (*Coronado, supra,* at p. 156.) We then concluded that section 654's prohibition against multiple punishments for a single "act or omission" *does not* apply to enhancements based on the nature of the offender. (*Coronado, supra,* at p. 158.)

In this case, the Court of Appeal majority held that when the same circumstance—here, firearm use—calls for additional punishment under two different sentence enhancement provisions based on the *nature of the offense,* section 654 precludes imposition of both enhancements. Defendant makes the same argument here. We need not, however, decide whether section 654 applies to sentence enhancements that are based on the nature of the offense, because of our conclusion that the additional punishments imposed under the two enhancement provisions in this case violated subdivision (f) of section 1170.1. We now turn to that statute.

## III

■ Section 1170.1 is part of California's determinate sentencing law, which "seeks to achieve greater uniformity in sentencing by providing a limited range of sentencing options for each offense." (*People v. Black* (2005) 35 Cal.4th 1238, 1246 [29 Cal.Rptr.3d 740, 113 P.3d 534], judg. vacated and cause remanded on other grounds in light of *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856].)

Section 1170.1's subdivision (a) describes sentencing for more than one crime: "[T]he aggregate term of imprisonment . . . shall be the sum of the principal term [for the primary offense], the subordinate term [for additional offenses], and any additional term imposed for applicable enhancements . . . ." Subdivision (f) pertains to sentence enhancements for, as relevant here, firearm use. It states: "*When two or more enhancements may be imposed for* being armed with or *using* a dangerous or deadly weapon or *a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense.* This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury." (§ 1170.1, subd. (f), italics added.)

At issue here are the additional punishments that the trial court imposed, with respect to defendant's assaults on victims Miguel and Jose, under two different sentence enhancement provisions: section 12022.5's subdivision (a), and section 186.22's subdivision (b)(1)(C). These additional punishments comprised a total of 18 years and eight months—defendant's total prison sentence was 22 years and eight months. (See, *ante*, at p. 506.)

There is no question that the additional punishments imposed under section 12022.5's subdivision (a) for "personally us[ing] a firearm in the commission of a felony," fall squarely within the limiting language of section 1170.1's subdivision (f). This is why: The additional punishments totaling five years and four months imposed under section 12022.5's subdivision (a) for defendant's personal use of a firearm in each of the three assaults were, in the words of section 1170.1's subdivision (f), punishments "for . . . using . . . a firearm in the commission of a single offense." The additional punishments totaling 13 years and four months under section 186.22's subdivision (b)(1)(C), the criminal street gang provision, were likewise based on defendant's firearm use. Because two different sentence enhancements were imposed for defend-

ant's firearm use in each crime, section 1170.1's subdivision (f) requires that "only the greatest of those enhancements" be imposed.

The Attorney General contends that section 186.22's subdivision (b)(1)(C) is not subject to the limiting language of section 1170.1's subdivision (f) because the former pertains to additional punishment that is imposed not for a defendant's *firearm use* but for committing a felony *to benefit a street gang.* Thus, according to the Attorney General, defendant was not punished under two different sentence enhancement provisions for using a firearm in a single offense. We disagree. Our reasoning follows.

As mentioned earlier (see, *ante,* at p. 505), the standard additional punishment for committing a felony to benefit a criminal street gang is two, three, or four years' imprisonment. (§ 186.22, subd. (b)(1)(A).) But when the crime is a "violent felony, as defined in subdivision (c) of Section 667.5," section 186.22's subdivision (b)(1)(C) calls for additional punishment of 10 years. Here, defendant became eligible for this 10-year punishment *only* because he "use[d] a firearm which use [was] charged and proved as provided in . . . Section 12022.5." (§ 667.5, subd. (c)(8).) Thus, defendant's firearm use resulted in additional punishment not only under section 12022.5's subdivision (a) (providing for additional punishment for personal use of a firearm) but also under section 186.22's subdivision (b)(1)(C), for committing a violent felony as defined in section 667.5, subdivision (c)(8) (by personal use of firearm) to benefit a criminal street gang. Because the firearm use was punished under two different sentence enhancement provisions, each pertaining to firearm use, section 1170.1's subdivision (f) requires imposition of "only the greatest of those enhancements" with respect to each offense.

Here, the Court of Appeal, relying on section 654's prohibition against multiple punishments for the same act (here, the firearm use), struck the trial court's imposition of additional punishment for defendant's personal use of a firearm under section 12022.5 (a total of five years and four months for defendant's assaults on Miguel and Jose, plus the additional punishment of four years' imprisonment for the assault on the third victim, Oscar, to be served concurrently to the sentences imposed for the assaults on Miguel and Jose). The proper remedy, however, was *not* to strike the punishment under section 12022.5 but to reverse the trial court's judgment and remand the matter for resentencing. (See *People v. Navarro* (2007) 40 Cal.4th 668, 681 [54 Cal.Rptr.3d 766, 151 P.3d 1177].) Remand will give the trial court an opportunity to restructure its sentencing choices in light of our conclusion that the sentence imposed here violated section 1170.1's subdivision (f).

## DISPOSITION

The judgment of the Court of Appeal is reversed, and the matter is remanded to that court with directions to reverse the trial court's judgment and to remand the matter to that court for resentencing that does not violate section 1170.1's subdivision (f).

George, C. J., Baxter, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.