Filed 3/19/14  P. v. Garcia CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039043 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1225794) |
| v. | |
| RICHARD JOSEPH GARCIA, | |
| Defendant and Appellant. | |

Defendant Richard Joseph Garcia appeals a judgment of conviction entered following a jury trial.  On appeal, defendant asserts the trial court erred in imposing concurrent sentences on an attempted criminal threats charge (Pen. Code, §§ 422, 664)[1] and a battery charge (§§ 242-243, subd (e)) pursuant to section 654.

STATEMENT OF THE FACTS AND CASE

This case arises out of a domestic violence incident on February 12, 2012, involving defendant and his on-again-off-again girlfriend Olivia Collazo.  Around 1:00 a.m., defendant went to the house where Ms. Collazo was staying and began knocking loudly on the door while yelling for Ms. Collazo to come out.  Ms. Collazo did not want to see defendant, but went outside because defendant seemed angry and she was afraid he would do something to the house.

---

[1] All further statutory references are to the Penal Code.

After Ms. Collazo went outside to talk to defendant, her cell phone rang. Defendant wanted to know who was calling and accused Ms. Collazo of cheating on him, even though they were not a couple at the time. Defendant called Ms. Collazo a "bitch" and demanded to see her phone. When she refused, defendant pulled her to the side of the house and pushed her to the ground. Defendant struggled to take Ms. Collazo's phone, which was in her pocket at the time. Defendant put his hands around Ms. Collazo's neck saying, "Why are you doing this?" and "Are you cheating on me?" Defendant let go of Ms. Collazo's neck, and reached for his knife, pointing the blade at her saying, "I'm going to cut your face." Ms. Collazo responded, "Do it."

Defendant continued to demand to see Ms. Collazo's phone. Ms. Collazo then threw the phone over the fence. Defendant reached over the fence and grabbed the phone. Ms. Collazo then started struggling with defendant over the phone. During the struggle, Ms. Collazo had her hand on the phone and defendant pulled her finger backward, dislocating it. Defendant immediately gave the phone back to Ms. Collazo and said he would take her to the hospital. Ms. Collazo refused to go with him, and defendant eventually left.

A few hours later, Ms. Collazo went to the hospital, and hospital personnel called the police. The lower joint on Ms. Collazo's right middle finger was dislocated, and the ligaments were stretched. Surgery was required to repair the injury on March 2, 2012.

Defendant was charged with criminal threats with the personal use of a deadly weapon, a knife (§§ 422, 12022, subd. (b)(1); count 1), battery in which defendant personally caused great bodily injury (§§ 242-243, subd. (d), 667, 1192.7; count 2), false imprisonment (§§ 236-237; count 3), and battery on a person with whom defendant had a dating relationship as a misdemeanor (§§ 242-243, subd. (e); count 4). The information also alleged defendant had a strike prior (§§ 667, subds. (b)-(i), 1170.12), and a prior serious felony conviction (§ 667, subd. (a)).

Defendant was convicted after a jury trial of attempted criminal threats as a lesser included offense to count 1 (§§ 422, 664), and counts 2 and 4. The jury acquitted defendant of count 3. The court found both allegations of prior convictions to be true.

The court sentenced defendant to a total term of 11 years in state prison as follows: six years on count 2, three years on count 1, and one year on count 4, both to run concurrent to count 2, and five years on the serious felony allegation, consecutive to count 2.

Defendant filed a notice of appeal.

## DISCUSSION

The only issue on appeal is whether section 654 requires the concurrent terms for the attempted criminal threats and the misdemeanor battery be stayed. Section 654 provides, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) Section 654 prohibits separate punishment for multiple offenses arising from the same act or from a series of acts constituting an indivisible course of conduct. (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507.)

"Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal v. State of California* (1960) 55 Cal.2d 11, 19, disapproved on other grounds in *People v. Correa* (2012) 54 Cal.4th 333, 334.) On the other hand, if the defendant entertained multiple criminal objectives that were independent and not incidental to each other, he or she "may be punished for each statutory violation committed in pursuit of each objective" even though the violations were otherwise part of an indivisible course of conduct.

3

(*People v. Harrison* (1989) 48 Cal.3d 321, 335.) " 'The principal inquiry in each case is whether the defendant's criminal intent and objective were single or multiple.' [Citation.] 'A defendant's criminal objective is "determined from all the circumstances." ' " (*In re Jose P.* (2003) 106 Cal.App.4th 458, 469.)

Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination. (*People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1312.) Its findings will not be reversed on appeal if there is any substantial evidence to support them. (*Ibid*.; *People v. Nichols* (1994) 29 Cal.App.4th 1651, 1657.) "We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence." (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143; see *People v. Cleveland* (2001) 87 Cal.App.4th 263, 271 [trial court's finding of " 'separate intents' " reviewed for sufficient evidence in light most favorable to the judgment].)

Notwithstanding the trial court's broad latitude in determining the question of separate intent, the record in this case demonstrates defendant committed the battery with serious injury, the misdemeanor battery and the attempted criminal threats with a single intent and objective: defendant was trying to take Ms. Collazo's phone from her to see who had just called. Ms. Collazo testified at trial that when defendant pushed her down, he was trying to grab her phone, and when he put his hands on her neck, and when he took out his knife, he was also trying to make her give him her phone. Ms. Collazo's finger was dislocated while defendant was holding her phone and she was trying to take it back.

Because the crimes defendant committed in this case arose from the same course of conduct and were all for committed for the same objective, section 654 prohibits

4

multiple punishment.  Therefore, the concurrent sentences imposed on counts 1 and 4 must be stayed pursuant to section 654.

## DISPOSITION

The judgment is modified as follows:  the 3 year term imposed as to count 1, and the 1 year term imposed as to count 4 are stayed pursuant to Penal Code section 654.  As so modified the judgment is affirmed.


_____
                                    RUSHING, P.J.




WE CONCUR:




_____
            PREMO, J.




_____
            MÁRQUEZ, J.