Filed 1/26/15  P. v. Stewart CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060622 |
| v. | (Super.Ct.No. FMB1000279) |
| KENNETH MICHAEL STEWART, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Rodney A. Cortez, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Kenneth Michael Stewart, Jr., was charged with felony child endangerment (Pen. Code,[1] 273a, subd. (a), count 1); possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a), count 2), and being under the influence of methamphetamine, a misdemeanor (Health & Saf. Code, § 11550, subd. (a), count 3).

Pursuant to a plea agreement, defendant pled no contest to counts 1 and 2.  In exchange, count 3 was dismissed and he was sent to drug court.

On August 10, 2010, the trial court withheld pronouncement of sentence and placed defendant on probation for three years.

Probation was extended until August 9, 2014.  Then, on February 10, 2014, probation was revoked after defendant twice tested positive for prohibited drugs.  The trial court sentenced defendant to state prison for six years eight months as follows:  six years on count 1 followed by a consecutive term of eight months on count 2.

Defendant contends that the sentence for possession of methamphetamine should have been stayed pursuant to section 654, and that imposition of sentences on both counts 1 and 2 violates his constitutional right to be free of double punishment for one act.  We disagree, and affirm the conviction.

---

[1] Further statutory references are to the Penal Code unless otherwise mentioned.

On July 6, 2010, a deputy sheriff arrived at defendant's residence in response to a call about a domestic disturbance. Upon arrival, the deputy observed that the door was ajar and he heard sounds of arguing from inside. He entered and noted that the residence was in disarray, with discarded food on the floor, knives strewn about the kitchen counter, tools, clothing and partially disassembled motorcycles were on the floor. A young child came up to him and asked, "Cop, did you bring me food or something to eat?" The deputy noted that there was hardly any food in the house and no bedding on the children's beds.

Defendant appeared to be under the influence of a controlled substance. He admitted smoking methamphetamine in the house that morning, and both he and his girlfriend admitted frequently smoking methamphetamine in the presence of their two small children. Methamphetamine and marijuana were found in defendant's back pocket.

## DISCUSSION

Section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." This statute thus proscribes separate, multiple punishments for offenses arising from the same act or from a series of

---

[2] The parties stipulated to a factual basis for the pleas based on the police reports and discovery materials, including lab reports. The statement of facts is taken from the police report.

acts constituting an indivisible course of criminal conduct.  (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208.)  " 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor.  If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' "  (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507.)

Whether a defendant had one or multiple criminal objectives for purposes of section 654 is a question of fact for the trial court, and its determination will be upheld if supported by substantial evidence.  We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence.  (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

Although the trial court did not make express findings on this issue, "a finding that defendant's crimes were divisible inheres in the judgment.  If that implied finding is supported by the evidence, it must be upheld."  (*People v. Nelson* (1989) 211 Cal.App.3d 634, 638; see *People v. Osband* (1996) 13 Cal.4th 622, 730-731.)

Here, defendant had methamphetamine in an apartment where two young children also lived.  While he may have merely intended to possess the methamphetamine for his own use, the circumstances support the trial court's implied finding that a separate intent and objective existed for each offense.  The possession was complete " 'once the intent to possess [was] perfected by possession' " (*People v. Jones*, *supra,* 103 Cal.App.4th at p. 1146 [possession of firearm by felon]), while the danger to the children arose from the

presence of these drugs in the home. In addition to the presence of the methamphetamine, the children's deplorable living conditions, as well as defendant being under the influence, created a risk of harm to the children.

The requisite intent for child endangerment is criminal negligence, i.e., reckless conduct that creates a high risk of death or great bodily harm, whether or not the actor intended to create that risk. (See CALCRIM No. 821; *People v. Hansen* (1997) 59 Cal.App.4th 473, 478.) That intent was separate form defendant's possession of the methamphetamine, and was supported in this case by substantial evidence.

Furthermore, the point of section 654 is to ensure the punishment imposed on defendants correspond to their culpability. (*People v. Latimer*, *supra*, 5 Cal.4th at p. 1211.) Counts 1 and 2 target different legislative bans—one designed to protect the public from controlled substances, the other intended to protect children from the criminal negligence of their parents. Defendant's culpability in possessing and using drugs in his children's home is obviously greater than if he had done so elsewhere. Thus, the trial court did not violate section 654. (*People v. Arndt* (1999) 76 Cal.App.4th 387, 398.)

Defendant asserts that his sentence also violates his Fifth Amendment right against double jeopardy. As he himself recognizes, the prohibition in section 654 is founded on the same constitutional prohibition. (*Neal v. State of California* (1960) 55 Cal.2d 11, 18.) Accordingly, we find no constitutional violation for the reasons discussed *ante*.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.