Filed 8/20/15  P. v. Albaran CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID ALBARAN,<br><br>    Defendant and Appellant. | D066751<br><br><br>(Super. Ct. No. JCF33247) |

APPEAL from a judgment of the Superior Court of Imperial County, Jeffrey B. Jones, Judge.  Affirmed as modified.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

David Albaran appeals a judgment convicting him of receiving stolen property (Penal Code § 496, subd. (a)[1]; count 1) and burglary (§ 459; count 2). The court sentenced Albaran to four years eight months in prison: four years for burglary and eight months consecutive for receiving stolen property. Albaran contends, and the Attorney General concedes, that his sentence for receiving stolen property should be stayed pursuant to section 654. We modify the judgment to stay the sentence imposed for receiving stolen property.

FACTUAL AND PROCEDRUAL BACKGROUND

Albaran and another man burglarized a home in Salton City, California. Husband and wife neighbors witnessed Albaran and his companion drive a car onto the home's front yard and Albaran carrying items from the home to the car's trunk. The husband went outside and yelled the license plate number to his wife, who was on the phone with police dispatch. After the husband yelled to the burglars, Albaran jumped into the passenger seat and the car sped away. When police arrived at the scene they found a broken bedroom window and the home ransacked.

The officers checked the car's registration and learned the car had been stolen shortly before the burglary. Police found Albaran, his companion and the car a few hours later while investigating a cell phone theft. Officers arrested the two men. At trial, the husband neighbor identified Albaran as the man he saw loading property into the stolen car and the homeowner identified the property found in the car as hers.

---

1    Statutory references are to the Penal Code unless otherwise noted.

A jury convicted Albaran of receiving stolen property and burglary, and acquitted him of a third charge of unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)). The court sentenced Albaran to consecutive sentences of four years for burglary and eight months for receiving stolen property.

### DISCUSSION

Section 654 provides that an act or omission may not be punished under more than one provision of law. Where a defendant has been convicted of two crimes arising from the same act, the execution of the sentence imposed on one of the crimes must be stayed. (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507.) The Attorney General properly concedes Albaran's conviction for burglary (count 2) and receiving stolen property (count 1) were part of an indivisible course of criminal conduct, and that the lesser eight-month sentence imposed on count 1 should have been stayed.[2] We modify the sentence to stay the sentence imposed on count 1 pursuant to Penal Code section 654.

---

[2] Albaran's opening brief sought a stay on the sentence imposed on count 2. His reply brief, however, recognizes the sentence on count 1, receiving stolen property, should be stayed as subordinate to the sentence imposed on the burglary conviction (count 2).

DISPOSITION

The judgment is modified to stay the sentence on count 1 and is otherwise affirmed.  The trial court is directed to amend the abstract of judgment accordingly and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


McDONALD, J.

WE CONCUR:


HALLER, Acting P. J.


IRION, J.