Filed 6/27/16  P. v. Huggins CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B264259 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA135685) |
| v. | |
| DEMATRAY HUGGINS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Reversed and remanded.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Russell A. Lehman, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Dematray Huggins of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)[1]; count 1), assault with a deadly weapon (§ 245, subd. (a)(1); count 2), assault with a firearm (§ 245, subd. (a)(2); count 3), and criminal threats (§ 422, subd. (a); counts 4–7).  As to each count, the jury found to be true the sentence enhancement that the assault was a "violent felony" committed to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)); with respect to counts 3–7, the jury also found to be true the sentence enhancement allegation that defendant personally used a firearm (§12022.5, subd. (a)).  The trial court sentenced Huggins to prison for a total of 15 years, including 13 years for the two sentence enhancements.

On appeal, Huggins argues, and the People concede, that the trial court erred in imposing additional punishment for Huggins's firearm use under both section 12022.5, subdivision (a), and section 186.22, subdivision (b)(1)(C).  We agree.  We therefore reverse and remand for resentencing.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 26, 2014, members of the Grape Street Crips gathered outside of Tammy Davis's apartment and knocked on the front door.  Tammy and her three sons, Jamal, Jamel, and Carthal exited the apartment.  A fight ensued between Jamal and some of the gang members.  After the fight ended, Huggins pointed a gun at Tammy and her sons and said "he was gonna shoot up their unit."

Huggins was charged and convicted of the counts described above.  The trial court sentenced him to a prison term of 15 years, consisting of the low term of two years for assault with a firearm (count 3), enhanced by three years for Huggins's personal use of a firearm, and further enhanced by 10 years for committing a "violent felony" to benefit a street gang.  The court imposed concurrent terms on the remaining counts.  Huggins filed a timely notice of appeal.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

2

## *DISCUSSION*

Huggins contends the trial court erred in imposing sentence enhancements for his firearm use under both section 12022.5, subdivision (a), and section 186.22, subdivision (b)(1)(C).  The Supreme Court resolved this issue in *People v. Rodriguez* (2009) 47 Cal.4th 501 (*Rodriguez*).  The defendant in *Rodriguez* was convicted of assault with a firearm (§ 245, subd. (a)(2)), and the trial court imposed sentence enhancements under section 12022.5, subdivision (a), and section 186.22, subdivision (b)(1)(C).  The California Supreme Court held that "the additional punishments imposed under the two enhancement provisions . . . violated subdivision (f) of section 1170.1." (*Rodriguez*, at p. 507.)  The court's reasoning was as follows:

"Section 12022.5's subdivision (a) provides that 'any person who *personally uses a firearm* in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment . . . for 3, 4, or 10 years . . . .' (Italics added.)  Exempt from that additional punishment are crimes that necessarily involve firearm use. (*Ibid.*)  But that exemption does not apply to 'any violation of Section 245 if a firearm is used . . . .' (§ 12022.5, subd. (d).)  Here, because defendant's crimes of assault with a firearm (§ 245, subd. (a)(2)) necessarily involved firearm use, at first glance, that would exempt him from the additional punishment.  But because his firearm use pertained to 'violation[s] of Section 245,' defendant falls within the exception to the exemption and thus *is* subject to additional punishment under section 12022.5, subdivision (a), for personally using a firearm in the three assaults.

"The other sentence enhancement statute involved is section 186.22, subdivision (b)(1).  It calls for additional punishment when a crime is committed to benefit a criminal street gang, with increasingly harsh levels of punishment:  Subdivision (b)(1)(A) of section 186.22 provides for additional punishment of two, three, or four years' imprisonment for most felonies.  Under subdivision (b)(1)(B), the additional punishment is increased to five years for 'serious' felonies, which are defined in section 1192.7's subdivision (c).  And under section 186.22, subdivision (b)(1)(C) (the provision at issue here), the additional punishment is increased to 10 years for 'violent' felonies 'as defined

3

in subdivision (c) of Section 667.5.'  Here, each of the three counts of assault with a firearm (§ 245, subd. (a)(2)) qualified as a 'violent' felony under section 667.5, subdivision (c), because in committing each of those offenses defendant 'use[d] a firearm which use has been charged and proved' under section 12022.5.  (§ 667.5, subd. (c)(8).) [¶] . . . [¶]

"Section 1170.1 is part of California's determinate sentencing law, which 'seeks to achieve greater uniformity in sentencing by providing a limited range of sentencing options for each offense.'  [Citation.]  [¶]  Section 1170.1's subdivision (a) describes sentencing for more than one crime:  '[T]he aggregate term of imprisonment . . . shall be the sum of the principal term [for the primary offense], the subordinate term [for additional offenses], and any additional term imposed for applicable enhancements . . . .'  Subdivision (f) pertains to sentence enhancements for, as relevant here, firearm use.  It states:  '*When two or more enhancements may be imposed for* being armed with or *using* a dangerous or deadly weapon or *a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense.*  This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury.'  (§ 1170.1, subd. (f), italics added.)

"At issue here are the additional punishments that the trial court imposed, with respect to defendant's assaults on [two of the victims] . . . under two different sentence enhancement provisions:  section 12022.5's subdivision (a), and section 186.22's subdivision (b)(1)(C). . . .  [¶]  'There is no question that the additional punishments imposed under section 12022.5's subdivision (a) for 'personally us[ing] a firearm in the commission of a felony,' fall squarely within the limiting language of section 1170.1's subdivision (f). This is why:  The additional punishments . . . imposed under section 12022.5's subdivision (a) for defendant's personal use of a firearm in each of the . . . assaults were, in the words of section 1170.1's subdivision (f), punishments 'for . . . using . . . a firearm in the commission of a single offense.'  The additional punishments . . . under section 186.22's subdivision (b)(1)(C), the criminal street gang provision, were

4

likewise based on defendant's firearm use. Because two different sentence enhancements were imposed for defendant's firearm use in each crime, section 1170.1's subdivision (f) requires that 'only the greatest of those enhancements' be imposed. [¶] . . . [¶]

". . . The proper remedy . . . [in this situation is] to reverse the trial court's judgment and remand the matter for resentencing. [Citation.] Remand will give the trial court an opportunity to restructure its sentencing choices in light of our conclusion that the sentence imposed here violated section 1170.1's subdivision (f)." (*Rodriguez*, *supra*, 47 Cal.4th at pp. 505-509.)

Here, the trial court sentenced Huggins to three years for a violation of section 245, subdivision (a)(1), and, as in *Rodriguez*, imposed additional punishments under section 12022.5, subdivision (a), and section 186.22, subdivision (b)(1)(C) based on Huggins's firearm use. "Because two different sentence enhancements were imposed for defendant's firearm use . . . , section 1170.1's subdivision (f) requires that 'only the greatest of those enhancements' be imposed." (*Rodriguez*, *supra*, 47 Cal.4th at pp. 508-509.) Therefore, as in *Rodriguez*, we must reverse and remand for resentencing.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for resentencing that does not violate section 1170.1's subdivision (f).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.                                        HOGUE, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.