Filed 8/26/1  P. v. Velasco CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>ERICK CARLOS VELASCO,<br><br>　　Defendant and Appellant. | G051686<br><br>(Super. Ct. No. 12CF3062)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Patrick Donahue, Judge.  Remanded for resentencing and affirmed in all other respects.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

*　　　*　　　*

A jury convicted Erick Carlos Velasco of one count (count 2) of assault with a firearm in violation of Penal Code section 245, subdivision (a)(2) (further code references are to the Penal Code). The jury found true two enhancement allegations: (1) Velasco committed the offense for the benefit of, at the direction of, or in association with a criminal street gang in violation of section 186.22, subdivision (b)(1); and (2) Velasco personally used a firearm in the commission of the offense in violation of section 12022.5, subdivision (a).

The trial court sentenced Velasco to the low term of two years on count 2, 10 years for the gang enhancement, and three years for the firearm enhancement, for a total term of 15 years in prison.

Velasco argues that imposing sentence on both the gang enhancement and the firearm enhancement constituted an improper dual use of facts pursuant to *People v. Rodriguez* (2009) 47 Cal.4th 501, 509. The Attorney General agrees.

In *People v. Rodriguez*, *supra*, 47 Cal.4th at page 509, the California Supreme Court concluded: "[T]he standard additional punishment for committing a felony to benefit a criminal street gang is two, three, or four years' imprisonment. (§ 186.22, subd. (b)(1)(A).) But when the crime is a 'violent felony, as defined in subdivision (c) of Section 667.5,' section 186.22's subdivision (b)(1)(C) calls for additional punishment of 10 years. Here, defendant became eligible for this 10-year punishment *only* because he 'use[d] a firearm which use [was] charged and proved as provided in . . . Section 12022.5.' (§ 667.5, subd. (c)(8).) Thus, defendant's firearm use resulted in additional punishment not only under section 12022.5's subdivision (a) (providing for additional punishment for personal use of a firearm) but also under section 186.22's subdivision (b)(1)(C), for committing a violent felony as defined in section 667.5, subdivision (c)(8) (by personal use of firearm) to benefit a criminal street gang. Because the firearm use was punished under two different sentence enhancement

2

provisions, each pertaining to firearm use, section 1170.1's subdivision (f) requires imposition of 'only the greatest of those enhancements' with respect to each offense."

The trial court erred by imposing sentence on both enhancements; therefore, we remand for the sole purpose of resentencing.

## Disposition

The matter is remanded for resentencing.  In all other respects, the judgment is affirmed.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.