Filed 3/4/21  P. v. Hernandez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>MANUEL HERNANDEZ,<br><br>　　　　Defendant and Appellant. | F080208<br><br>(Super. Ct. No. VCF182700)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, Clara M. Levers and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　　Before Hill, P.J., Meehan, J. and DeSantos, J.

Defendant Manuel Hernandez was convicted of shooting at an occupied vehicle and three counts of assault with a firearm. He contends on appeal that the trial court erred in (1) denying his request to hold proceedings to create a record for a youthful offender parole hearing—commonly referred to as *Franklin* proceedings—pursuant to Penal Code section 1203.1[1] and *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), and (2) imposing both firearm and gang enhancements on the assault with a firearm convictions. The People agree with defendant on both issues. We vacate the sentence and remand with direction for the trial court to strike the firearm enhancements, resentence defendant, and conduct *Franklin* proceedings.

## PROCEDURAL SUMMARY

On November 30, 2007, the Tulare County District Attorney filed an information charging defendant, who was 17 years old on the date of the charged offenses, with attempted murder of R.M. (§§ 187, subd. (a), 664; count 1), attempted murder of A.G. (§§ 187, subd. (a), 664; count 2), attempted murder of A.A. (§§ 187, subd. (a), 664; count 3), shooting at an occupied vehicle (§ 246, count 4), assault with a firearm of R.M. (§ 245, subd. (a)(2); count 5), assault with a firearm of A.G., (§ 245, subd. (a)(2); count 6), and assault with firearm of A.A. (§ 245, subd. (a)(2); count 7). The information further alleged that defendant committed all offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). As to counts 1 through 3, the information alleged defendant was personally armed with and discharged a firearm (§ 12022.53, subds. (b), (c), (e)(1)) and as to counts 5 through 7, the information alleged defendant personally used a firearm (§§ 667, subd. (c), 1197, subd. (c), 12022.5).

On October 3, 2008, the jury found defendant guilty on counts 4 through 7, but not guilty on counts 1 through 3. As to counts 4 through 7, the jury found true the gang allegations and the firearm allegations.

---

[1] All further statutory references are to the Penal Code.

On November 5, 2008, the trial court sentenced defendant to 32 years to life as follows:  on count 4, 15 years to life; on count 5, a consecutive term of three years (the middle term), plus four years for the firearm enhancement (§ 12022.5), plus 10 years for the gang enhancement (§ 186.22, subd. (b)(1)(C)); on counts 6 and 7, concurrent terms of three years (the middle term), plus four years for the firearm enhancements (§ 12022.5), plus 10 years for the gang enhancements (§ 186.22, subd. (b)(1)(C)).

On February 25, 2010, on remand, the trial court vacated and stayed the sentence on count 7.

On September 25, 2019, defendant moved the trial court to conduct a *Franklin* hearing.  The trial court denied the motion on October 15, 2019.

On October 30, 2019, the defendant filed a notice of appeal.

## DISCUSSION[2]

### *Franklin* **Proceedings**

In 2013, the Legislature enacted Senate Bill No. 260 (2013–2014 Reg. Sess.) (Stats. 2013, ch. 312, § 4), codified in section 3051, which provides for youth offender parole hearings that guarantee juvenile offenders a meaningful opportunity for release on parole.  (*Franklin*, *supra*, 63 Cal.4th at p. 276; § 3051, subd. (e).)  Youth offender parole hearings are available, with some exceptions, to offenders who were under 25 years old when they committed their controlling offenses.  (§ 3051, subd. (b).)  To ensure that the youth offender parole hearing is meaningful, youth offenders must have an opportunity for *Franklin* proceedings in the trial court, in order to make an accurate record of the offender's "characteristics and circumstances at the time of the offense."  (*Franklin*, at p. 284.)

---

**2**     Because defendant raises only postconviction issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

"In cases with final judgments, section 1203.01 gives the trial court authority to conduct an evidence preservation proceeding as envisioned in *Franklin*." (*In re Cook* (2019) 7 Cal.5th 439, 452.)

The parties agree that defendant was 17 years old when he committed the offenses, he is eligible for juvenile offender parole hearing during his 20th year of incarceration (§ 3051, subd. (b)(2)), and he has not been afforded a full opportunity to make a record of his characteristics and circumstances at the time of the offense because his conviction occurred prior to enactment of section 3051. They conclude, and we agree, that defendant should be permitted to supplement the record with any evidence relevant to his eventual youth offender parole hearing. The trial court will be directed to conduct *Franklin* proceedings. (See *In re Cook*, *supra*, 7 Cal.5th at p. 459 [a trial court may exercise its discretion to ensure that only relevant and noncumulative information is submitted by, for example, requiring an offer of proof or considering whether documentary evidence (rather than testimony) would suffice].)

### **Firearm and Gang Enhancements**

The parties agree that the sentences on defendant's assault with a firearm conviction were unauthorized because the trial court imposed two enhancements on each offense—a 10-year gang enhancement and a four-year firearm enhancement—based on defendant having personally used a firearm. We agree.

An unauthorized sentence can be corrected at any time. (*People v. Rivera* (2019) 7 Cal.5th 306, 348–349; *People v. Scott* (1994) 9 Cal.4th 331, 354–355.)

Section 1170.1, subdivision (f) provides, in relevant part: "When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense." In *People v. Rodriguez* (2009) 47 Cal.4th 501, 504 (*Rodriguez*), our Supreme Court concluded it was error to impose a 10-year gang enhancement (§ 186.22, subd. (b)(1)(C)) and a personal use of a firearm

4.

enhancement (§ 12022.5) to a sentence on an assault with a firearm count. It explained that the firearm enhancement "[fell] squarely within the limiting language of section 1170.1's subdivision (f)" because it was imposed based on defendant's personal use of a firearm. (*Rodriguez*, at p. 508; § 12022.5.) The 10-year gang enhancement fell within the same limitation. That enhancement is only applicable if the offense of conviction was a violent felony. (§ 186.22, subd. (b)(1)(C).) In *Rodriguez*, the court explained that defendant's crime was a violent felony only because "he 'use[d] a firearm which use [was] charged and proved as provided in … Section 12022.5.' " (*Rodriguez*, at p. 509; § 667.5, subd. (c)(8)). Both enhancements were therefore only applicable because defendant used a firearm. Therefore, "section 1170.1's subdivision (f) require[d] imposition of 'only the greatest of those enhancements' with respect to each offense." (*Rodriguez*, at p. 509.)

*Rodriguez* controls here. Defendant was convicted of three counts of assault with a deadly weapon and as to each count the trial court imposed a personal use of a firearm enhancement and a 10-year gang enhancement based on defendant's use of a firearm. The trial court was authorized only to have imposed the greater of those enhancements with respect to each offense. The four-year enhancements for personal use of a firearm must therefore be stricken.

Where a portion of a sentence must be stricken, " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893; see *Rodriguez, supra*, 47 Cal.4th at p. 509 [remanding for resentencing in light of its conclusion that the sentence violated section 1170.1, subd. (f)].) On remand, the trial court is directed to conduct a full resentencing in light of the changed circumstances.

## **DISPOSITION**

Defendant's sentence is vacated and the matter is remanded. On remand, the trial court is directed to strike the enhancements for personal use of a firearm on counts 5, 6 and 7, conduct a full resentencing, and conduct *Franklin* proceedings.