Filed 3/23/21  P. v. Acosta CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDY BRIAN ACOSTA,<br><br>    Defendant and Appellant. | B306034<br><br>(Los Angeles County<br>Super. Ct. No. BA451969-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Andy Brian Acosta appeals from the judgment entered following a resentencing hearing ordered by this court in Acosta's prior appeal (*People v. Acosta* (Nov. 18, 2019, B287760) [nonpub. opn.]). No arguable issues were identified by Acosta's appointed appellate counsel after his review of the record. We also have identified no arguable issues after our own independent review of the record. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Charges*

Acosta was charged in an information with the first degree murder of Danny Chea (Pen. Code, § 187, subd. (a);[1] count 1), the attempted premeditated murder of Amber Campos (§§ 187, subd. (a), 664; count 2), assault with a firearm of Abel R. (§ 245, subd. (a)(2); count 3), unlawful possession of a firearm (§ 29800, subd. (a)(1); count 4) and shooting at an occupied motor vehicle (§ 246; count 5). The information alleged Acosta had committed all five offenses for the benefit of a criminal street gang. (§ 186.22, subd. (b).) The information also specially alleged as to counts 1 and 5 Acosta had personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)), as to count 2 he had personally and intentionally discharged a firearm (§ 12022.53, subd. (c)) and as to count 3 he had personally used a firearm (§ 12022.5, subd. (a)).

### 2. *The Shooting*

In October 2016 Chea and Campos were in a long-term romantic relationship. Chea was a member of the Lincoln Heights criminal street gang. On October 24, 2016 Chea drove Campos to pick up Campos's son, Abel, from elementary school. Inside the

---

[1] Statutory references are to this code.

2

school Campos saw Jason Avalos, a member of the Eastlake criminal street gang. Avalos gave Campos an "ugly look[ ]," then made a telephone call. When Campos returned to the car with Abel, she told Chea she had seen Avalos. The three left for Campos's home. Chea was driving; Campos sat in the front passenger seat next to him; Abel sat in the rear seat behind Chea.

While the three were stopped at an intersection, a car driven by Acosta pulled up on the passenger side. Campos saw Acosta holding an automatic weapon. (Campos subsequently identified Acosta as the shooter in a photographic lineup.) She did not see anyone else in the car. Acosta fired two or three shots, killing Chea. Before he was shot, Chea told Campos that "Rana from Eastlake" was in the car next to them. Several Los Angeles Police Officers who had contact with Acosta documented that he had admitted being a member of the Eastlake criminal street gang and used the name "Rana."

3. *The Verdict and Sentence*

Following a six-day trial the jury convicted Acosta on all counts and found the criminal street gang and firearm enhancements true. Acosta admitted the allegation he had suffered a prior felony conviction for which he served a prison term.

The trial court sentenced Acosta to what it characterized as a life term with 80 years minimum parole eligibility plus a determinate term of 44 years eight months. For the first degree murder of Chea, the court imposed an indeterminate state prison term of 25 years to life, plus 25 years to life for the firearm

3

enhancement.[2]  For the attempted premeditated murder of Campos, the court sentenced Acosta to a life term with 15-year minimum parole eligibility, plus 20 years for the firearm enhancement.  Selecting the aggravated assault of Abel (count 3) for the base determinate term, the court imposed the upper term of four years plus the upper term of 10 years for the firearm enhancement and 10 years for the gang enhancement.  It imposed a consecutive term of eight months (one-third the middle term of two years) for unlawful possession of a firearm and dismissed the gang enhancement in the interest of justice.  Finally, the court imposed a consecutive life term with a 15-year minimum parole eligibility under section 186.22, subdivision (b)(4), for shooting at an occupied vehicle for the benefit of a criminal street gang.  The court declined to stay the sentence of this court under section 654, reasoning, "Consecutive sentencing is warranted by the fact that we have a separate innocent victim," noting in part Chea's car crashed into an occupied restaurant after he had been shot.[3]

4. *Acosta's First Appeal*

On appeal we agreed with Acosta that substantial evidence did not support the court's application of the multiple victim

---

[2]     The court did not impose the 15-year minimum parole eligibility term under section 186.22, subdivision (b)(5), for the gang enhancement, finding, incorrectly, it was superseded by the 25-year-to-life sentence for first degree murder.  (See *People v. Lopez* (2005) 34 Cal.4th 1002, 1009.)  We directed the court on remand to impose the 15-year parole eligibility term or to strike the enhancement (§ 1385, subd. (a)) or the punishment for the enhancement (§ 186.22, subd. (g)).

[3]     The court struck the prior prison term enhancement.

4

exception for shooting at an occupied vehicle because the conduct underlying the murder, attempted murder and aggravated assault offenses was an indivisible course of conduct directed against, at most, Chea, Campos and Abel. Even though Chea's car crashed after he was shot, there was insufficient evidence anyone other than the three occupants of the vehicle had been victimized by the shooting.

We also agreed with Acosta—and the Attorney General conceded—that under *People v. Rodriguez* (2009) 47 Cal.4th 501, 508-509, the trial court had erred in imposing both the 10-year firearm enhancement under section 12022.5, subdivision (a), and a 10-year gang enhancement under section 186.22, subdivision (b)(1)(C), on the aggravated assault count. As was true in *Rodriguez*, Acosta was subject to the 10-year punishment for a violent felony committed for the benefit of a criminal street gang under section 186.22, subdivision (b)(1)(C), only because his use of a firearm had been charged and proved under section 12022.5. Accordingly, section 1170.1, subdivision (f), required the court to impose only one firearm-based enhancement for a single offense.

We affirmed Acosta's convictions,[4] reversed his sentence and remanded with directions to the trial court to exercise its discretion whether to impose on count 3 the firearm enhancement under section 12022.5, subdivision (a), or the gang enhancement under section 186.22, subdivision (b)(1)(C), and to stay the sentence pursuant to section 654 on one of counts 1, 2, 3 or 5.

---

[4] We found the trial court had disclosed all relevant material at the *Pitchess* hearing.

5

5. *Resentencing*

On remand the trial court, stating its intention to impose the maximum sentence authorized by law,[5] imposed what it characterized as a 23-year determinate state prison term plus life with an 80-year minimum eligibility for parole.  The court sentenced Acosta to the upper term of three years for unlawful possession of a firearm (count 4), dismissing the gang enhancement on that count.  The court imposed the upper term of four years for aggravated assault (count 3), plus the upper term, 10-year firearm enhancement, striking the gang enhancement, as directed by our decision in the first appeal, pursuant to section 1170.1, subdivision (f).  The court then stayed the 14-year aggregate sentence on count 3 pursuant to section 654, explaining it was going to impose the sentence for shooting at an occupied vehicle for the benefit of a criminal street gang (count 5), which included a life term.

As to the murder count, the court again imposed a 25-year-to-life indeterminate term, now with a 15-year minimum parole eligibility for the gang enhancement, plus 25 years to life for the firearm enhancement.  For attempted murder the court imposed a consecutive life term with a 15-year minimum parole eligibility,

---

[5]     Before imposing sentence the court stated, "The circumstances of the shooting in this case, which essentially was the execution of an unsuspecting man and the attack on a young woman with a small child, from the evidence committed for nothing more apparently than the fact the victims had the audacity to pick up a small child at a public school in the territory of a rival gang.  The senselessness and wantonness of this crime as demonstrated by the facts of this case render the defendant a continuing danger to the community and demand his removal from the community for as long as possible."

6

plus a determinate 20-year term for the firearm enhancement. And a third consecutive life term with a 15-year minimum parole eligibility was imposed for shooting at an occupied vehicle.

The court ordered the $300 restitution fine it had previously imposed stayed until the People provided proof of Acosta's ability to pay and waived all other fees and assessments.

Acosta filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Acosta on appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Acosta on September 3, 2020 that he may personally submit any contentions or issues he wanted the court to consider. We received no response from appellant.

We have examined the record and are satisfied appellate counsel for Acosta has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.            FEUER, J.

7