Filed 2/17/22  P. v. Gomez CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PEDRO JESUS GOMEZ,<br><br>    Defendant and Appellant. | H048183<br>(Monterey County<br>Super. Ct. No. SS002126B) |

### MEMORANDUM OPINION[1]

A jury found defendant Pedro Jesus Gomez guilty of attempted murder in 2001. (Pen. Code, §§ 187, subd. (a), 245, subd. (b), 664.)[2]  The jury also found true the allegations that Gomez committed the offenses for the benefit of, at the direction of, and in association with a criminal street gang, and that he intentionally and personally discharged a firearm causing great bodily injury.  (§§ 186.22, subd. (b)(1), 12022.53, subd. (d).)  The trial court imposed an aggregate term of life consecutive to terms of 25 years to life for the firearm enhancement and 10 years for the gang enhancement.  The court also imposed a nine-year term on the assault count, plus two consecutive 10-year

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

[2] Subsequent undesignated statutory references are to the Penal Code.

enhancements for the gang and firearm enhancements for a term of 29 years, which the court stayed under section 654.

In 2018, the Secretary of the California Department of Corrections and Rehabilitation (the Secretary) recommended to the trial court that it recall Gomez's sentence and resentence him under section 1170, subdivision (d). The Secretary's letter stated the trial court should not have imposed terms for both the firearm enhancement and the gang enhancement because both enhancements were based on Gomez's use of a firearm during the commission of a single offense. (See *People v. Rodriguez* (2009) 47 Cal.4th 501 [because both enhancements were based on the defendant's use of a firearm during the commission of a single offense, only the greater of the two enhancements should have been imposed].)

After a hearing in April 2020, the trial court denied resentencing under section 1170, subdivision (d)(1). The court ruled it did not have the power to order resentencing because doing so would interfere with our jurisdiction over the claim of sentencing error that was pending before us in Gomez's related habeas petition.

Gomez now appeals from this denial. The Attorney General concedes the claim in part. He agrees the sentence was unlawful, but he disagrees that the trial court should have corrected the sentence while the claim was pending before us in Gomez's habeas petition.

We need not resolve this claim because it has been rendered moot. In January 2022, we granted relief in response to the petition for writ of habeas corpus that Gomez filed in this matter, and we vacated the judgment of conviction in the underlying case.[3] Having vacated the conviction underlying the challenged sentence, we can no longer grant the requested relief. "[W]hen, pending an appeal from the judgment of a lower court, and without fault of the [respondent], an event occurs which renders it impossible

_____

[3] (*In re Gomez* (Jan. 6, 2022, H047413) [nonpub. opn.].)

for [the reviewing court] if it should decide the case in favor of [appellant], to grant [appellant] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. [Citations.]" (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132.) Accordingly, we will dismiss the appeal as moot.

## DISPOSITION

The appeal is dismissed as moot.

_____
                                          Greenwood, P. J.

WE CONCUR:

_____
     Elia, J.

_____
     Danner, J.

People v. Gomez
No. H048183