Filed 7/29/22 P. v. Balesteri CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ANTHONY BALESTERI,<br><br>　　Defendant and Appellant. | H048779<br>(Monterey County<br>Super. Ct. No. 19CR003841) |

In September 2020, defendant Michael Anthony Balesteri was convicted by a jury of six felony offenses and 12 misdemeanor offenses. After a bench trial, the court found true allegations that Balesteri had a prior vehicle theft conviction (Pen. Code, § 666.5, subd. (a)),[1] and committed certain of the felonies while released on bail or his own recognizance (§ 12022.1, subd. (b)). The court sentenced Balesteri to 11 years six months in prison, which included imposition of the upper term of four years for count 1 and a finding that section 654 precluded punishment for count 10. The court also imposed a $10,000 restitution fine along with other assessments and fees.

On appeal, Balesteri argues that the trial court erred by staying the sentence for count 10 pursuant to section 654 without first imposing a sentence and staying its execution. The Attorney General concedes that the court erred but contends that reversal and remand is not required. Balesteri also argues that the court erred by failing to

---

[1] Unspecified statutory references are to the Penal Code.

conduct an ability-to-pay hearing before imposing the fines and fees. The Attorney General contends that this claim is waived, and in any case, the claim fails on the merits.

This court requested supplemental briefing on the trial court's imposition of the upper term of four years for count 1 in light of amended section 1170, which became effective on January 1, 2022. (See Sen. Bill No. 567 (2020-2021 Reg. Sess.) (Senate Bill 567) Stats. 2021, ch. 731, § 1.3.) In a supplemental brief, Balesteri argues that he is entitled to remand and resentencing based on Senate Bill 567. The Attorney General contends that while Senate Bill 567 applies retroactively to Balesteri, remand is not warranted because doing so would be an idle act.

We conclude that Senate Bill 567 requires this case to be remanded for a new sentencing hearing conducted in accordance with amended section 1170. As to section 654, we agree that the trial court erred by not first imposing sentence for count 10. That error can be corrected on remand. Accordingly, we reverse the judgment and remand with directions.[2]

## I. Procedural Background[3]

Balesteri was convicted of vehicle theft (counts 1 & 7; Veh. Code, § 10851, subd. (a)), buying or receiving a stolen vehicle (count 4; § 496d, subd. (a)), evading a peace officer in willful disregard to safety (count 9; Veh. Code, § 2800.2, subd. (a)), evading a peace officer on a highway by driving in the opposite direction of lawful traffic (count 10; Veh. Code, § 2800.4), and possession of counterfeiting equipment (count 11; § 480, subd. (a)). Balesteri was also convicted of eight misdemeanor offenses: making or possession of a fictious bill (count 12; § 476), possession of a forged bank bill or note (count 13; § 475, subd. (a)), possession of burglary tools (counts 18, 25 & 26; § 466),

---

[2] We do not address Balesteri's ability-to-pay argument, as he may address that argument to the sentencing court on remand.

[3] Because this appeal concerns only sentencing issues, we do not recount the factual background in any detail.

receiving stolen property worth less than $950 (count 19; § 496, subd. (a)), possession of a controlled substance (counts 20 & 23; Health & Saf. Code, § 11377, subd. (a)), possession of nitrous oxide (count 22; § 381b), possession of controlled substance paraphernalia (counts 21 & 24; Health & Saf. Code, § 11364, subd. (a)), and driving with a suspended or revoked driving privilege (count 27; Veh. Code, § 14601.1, subd. (a)).[4] After a bench trial, the court found true allegations that Balesteri had a prior vehicle theft conviction (§ 666.5, subd. (a)), and committed certain of the felonies while released on bail or on his own recognizance (§ 12022.1, subd. (b)). The court sentenced Balesteri to 11 years six months in prison, and imposed a $10,000 restitution fine along with other fines and fees.

At the sentencing hearing, the court designated count 1 as the principal term, and imposed the upper term of four years. For counts 4, 7, and 11, the court found that a consecutive sentence was warranted under section 666.5, and imposed sentences of one-third the middle term of one year. For count 9, the court found the offense involved different intent and acts, and thus imposed consecutively one-third the middle term of eight months. For count 10, the court stated, "that will be stayed pursuant to [section] 654." For counts 12 and 13, the court imposed six-month concurrent sentences. For counts 18, 19, 25, and 27, four-month consecutive sentences were imposed. For counts 20 and 23, three-month consecutive sentences were imposed. For counts 21, 22, and 24, the court imposed three-month concurrent terms. For count 26, a four-month concurrent term was imposed. For the section 12022.1, subdivision (b) enhancement, the court imposed a two-year consecutive term.

_____

[4] Balesteri was found not guilty of vehicle theft (count 3; Veh. Code, § 10851, subd. (a)), evading a peace officer in willful disregard to safety (count 5; § 2800.2, subd. (a)), evading a peace officer by driving in the opposite direction of lawful traffic (count 6; § 2800.4), and failing to perform a duty following an accident (count 14; Veh. Code, § 20002, subd. (a)). The prosecution dismissed counts 2 and 8 (buying or receiving a stolen vehicle (§ 496d, subd. (a))) under section 954.

## II. Discussion

### A. Senate Bill 567

In a supplemental brief, Balesteri argues that he is entitled to remand for resentencing in light of Senate Bill 567's amendments to section 1170 limiting the court's discretion to impose upper-term sentences. The Attorney General contends that remand would be an idle act. He asserts that "the sentencing court made clear its intent to punish [Balesteri] to the fullest extent," and that remand "would not produce a different result." We conclude that remand is required.

#### 1. Background

Prior to pronouncing sentence, the trial court discussed the factors it had considered in determining Balesteri's sentences. The court stated, "The evidence at trial shows a pattern of crimes that portray a person unrestrained in my view by any sense of doing what is right. We have three felony convictions of vehicle crimes against three different people. [¶] The defendant evaded police and put others at serious risk in doing so. The counterfeiting, narcotics, shaving keys, and boasting an ability to have superior skills in thievery. [¶] Now, when you take a car, Mr. Balesteri, you are not just taking property; if affects peoples' lives. They can't get to work. They can't take their kids to school. They might, perhaps, miss important appointments. [¶] So in general, these are not, I think [in]significant crimes even though they are classified as non-violent. And repeated commission of crimes can show a serious lack of consideration for others."

The trial court continued: "Now, the defendant's record is almost entirely theft offenses including a vehicle theft in 2016, a felony theft that same year, which included a brandishing conviction, two felony 496(d) convictions in 2017 and 2018, and then another vehicle and drug-related misdemeanor in 2018. [¶] His performance on supervision has also been poor. You left Salvation Army in 2017 after only one day and [were] arrested and convicted for felony vehicle theft, and not that this is a factor in my analysis, because it is not, but I will say that I further do not credit the probation officer's

4

assessment that the defendant seemed sincere or credible in his statements of having a new mindset. I watched him closely as he testified and in my assessment, it leaves a great deal of room for doubting the probation officer's assessment. Supervision is not warranted here, so accordingly, probation is denied."

In sentencing Balesteri to the upper term for count 1, the trial court stated that "this will be the princip[al] term considering the factors in aggravation versus those in mitigation, and pursuant to [section] 666.5, upper term of four years is imposed."

## 2. Applicable Law

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b) by making the middle term the presumptive sentence for a term of imprisonment absent the existence of certain specified circumstances. (Stats. 2021, ch. 731, § 1.3, adding Pen. Code, § 1170, subd. (b)(1) & (2).)

Now, a trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements. The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense." (§ 1170, subd. (b)(2).) With respect to prior convictions, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Id*., subd. (b)(3).)

5

### 3. Balesteri Is Entitled to Resentencing

The parties agree that Senate Bill 567 applies retroactively to Balesteri because the judgment is not yet final and there is no indication that the Legislature intended the law's ameliorative changes to operate solely prospectively. We concur. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038-1039; see also *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 308.) We now to turn to determining the appropriate remedy.

Prior to imposing the upper term for count 1, the trial court seemingly discussed four aggravating factors. First, the court noted that Balesteri's conduct involved "counterfeiting, narcotics, shaving keys, and boasting an ability to have superior skills in thievery," apparently a reference to "[t]he manner in which the crime was carried out[, which] indicates planning, sophistication, or professionalism." (Cal. Rules of Court, rule 4.421(a)(8).) Second, although the court indicated that the offenses were technically "classified as non-violent," it also stated that Balesteri "evaded police and put others at serious risk in doing so." This could be construed as referencing that Balesteri "engaged in violent conduct that indicates a serious danger to society." (Cal. Rules of Court, rule 4.421(b)(1).) Third, the court noted that Balesteri's performance on probation was "poor." (Cal. Rules of Court, rule 4.421(b)(5) ["The defendant's prior performance on probation . . . was unsatisfactory."].) And fourth, the court noted his long list of prior offenses. (Cal. Rules of Court, rule 4.421(b)(2) ["The defendant's prior convictions as an adult . . . are numerous or of increasing seriousness."].)

Here, the court's first three aggravating factors were not based on "facts . . . stipulated to by the defendant, or . . . found true beyond a reasonable doubt," as required by amended section 1170, subdivision (b)(2). As for the fourth aggravating factor, Balesteri's prior convictions, the Attorney General notes that one of Balesteri's prior convictions "was supported by a certified record and found to be true beyond a reasonable doubt to enhance the terms in count 1 in this case, supporting the aggravating factor that [Balesteri] had served prior prison terms." However, in citing his prior

6

convictions, the court also explicitly cited numerous other offenses, none of which were supported by certified records of conviction, stipulated to by Balesteri, or found true by the jury. We cannot discern from this record whether the trial court would have found a departure from the middle term to be justified based solely on the prior conviction that was established by certified records.

The Attorney General also asserts that "[t]he jury . . . found true the on-bail allegation attached to count 10, demonstrating that [Balesteri] was not successful while out on bail in the underlying case." But under the amended section 1170, subdivision (b)(5), the court was precluded from using the same facts used to support an enhancement to also impose an upper term. (§ 1170, subd. (b)(5) ["The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law."].) In sum, the court's reliance on aggravating factors to support Balesteri's sentence to the upper term on count 1 was not consistent with the requirements of amended section 1170, subdivision (b). Accordingly, we will remand the matter for the trial court to resentence Balesteri consistent with Senate Bill 567.

### B. Section 654[5]

Balesteri contends that the trial court erred at sentencing by staying under section 654 the sentence on count 10 without first orally imposing sentence. He argues that the case should be remanded so that the trial court can impose sentence on count 10 and then stay execution under section 654. The Attorney General agrees that the trial

---

[5] Effective January 1, 2022, section 654 was amended by Assembly Bill No. 518 (Stats. 2021, ch. 441, § 1) (2021-2022 Reg. Sess.). As amended, section 654, subdivision (a), provides in relevant part, "An act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision." (Italics added.) Previously, where section 654 applied, the sentencing court was required to impose the sentence that "provides for the longest potential term of imprisonment" and stay execution of the other term. (§ 654, former subd. (a).)

7

court erred, but maintains that a remand is not necessary because this court can modify the judgment.

## 1. Applicable Law

Section 654 precludes multiple punishment for a single act or indivisible course of conduct that violates different provisions of law. (§ 654, subd. (a); *People v. Rodriguez* (2009) 47 Cal.4th 501, 507.) " 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1468 (*Alford*).) "Intent and objective are factual questions for the trial court, which must find evidence to support the existence of a separate intent and objective for each sentenced offense." (*People v. Jackson* (2016) 1 Cal.5th 269, 354 (*Jackson*).)

There are specific requirements to implementing section 654. "Imposition of concurrent sentences is not the correct method of implementing section 654, because a concurrent sentence is still punishment." (*Alford*, *supra*, 180 Cal.App.4th at p. 1468.) "Nor is staying imposition of sentence an option. 'Upon conviction it is the duty of the court to pass sentence on the defendant and impose the punishment prescribed. [Citations.] Pursuant to this duty the court must either sentence the defendant or grant probation in a lawful manner; it has no other discretion.' " (*Ibid*.) "A sentence must be imposed on each count, otherwise if the nonstayed sentence is vacated, either on appeal or in a collateral attack on the judgment, no valid sentence will remain." (*Id*. at p. 1469.) "Thus . . . to implement section 654, the trial court must impose sentence on all counts, but stay execution of sentence as necessary to prevent multiple punishment." (*Ibid*.)

## 2. The Trial Court Erred by Staying the Sentence for Count 10 Without First Imposing Sentence

Here, the trial court impliedly found, with respect to count 10, that Balesteri's actions in committing the offense of evading police by driving on the highway in the opposite direction of lawful traffic were not divisible from the actions underlying his conviction in count 9 for evading police with willful disregard to safety. (*Jackson*, *supra*, 1 Cal.5th at pp. 353-354.) In sentencing Balesteri for count 10, however, the court orally stayed the sentence. It did not pronounce a term of imprisonment and then stay execution. The parties contend, and we agree, that this was error. (*Alford*, *supra*, 180 Cal.App.4th at p. 1469.)

The parties disagree as to the appropriate remedy. Balesteri requests that the case be remanded to allow the trial court to impose sentence and then stay execution under section 654. The Attorney General contends that the judgment can be modified on appeal, asserting the trial court "undoubtedly" would have imposed a sentence of one-third the middle term of three years for count 10 "because that is the term the court imposed on the [c]ount 9 conviction for evading police with willful disregard . . . ."

We need not determine which remedy is appropriate since we have already determined this case will be remanded for resentencing to address amended section 1170, subdivision (b). Thus, we will direct the trial court to modify the judgment on remand to comply with section 654.

### C. Fines and Fees

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, Balesteri argues that the imposition of the $10,000 restitution fine and administrative fees totaling $1,380 without an ability-to-pay hearing violated his state and federal constitutional rights.

Again, we need not resolve this issue because we are already remanding the matter to the trial court for resentencing. Should he choose to do so, Balesteri can raise an argument regarding his ability to pay his fines and fees on remand.

### III.  Disposition

The judgment is vacated and the matter is remanded for the sole purpose of resentencing consistent with current law, including Penal Code section 654 and Penal Code section 1170, subdivision (b).  On remand, the trial court may reconsider all of its sentencing decisions, and Balesteri may raise an argument regarding his ability to pay his fines and fees.

_____
                   Wilson, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P.J.


_____
            Danner, J.

People v. Balesteri
H048779